EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
GERALD A. ENGLER
Senior Assistant Attorney General
PEGGY S. RUFFRA
Supervising Deputy Attorney General
GREGORY A. OTT
Deputy Attorney General
State Bar No. 160803
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 703-5964
Fax: (415) 703-1234
Email: gregory.ott@doj.ca.gov
Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **RICHARD CORRAL,**<br>Petitioner,<br>**v.**<br>**M.S. EVANS, Warden,**<br>Respondent. | C 07-5383 MJJ (PR)<br>**MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS UNTIMELY** |

California state prisoner Richard Corral ("petitioner") has filed a petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. §§ 2241 & 2254(d). Respondent hereby moves this Court for an order dismissing the petition on the ground that it is untimely. *See* 28 U.S.C. § 2444(d)(1). A motion to dismiss in lieu of a an answer on the merits is appropriate where the petition is procedurally defective. *See White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989); *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990); Rules Governing 28 U.S.C. § 2254 Cases, Rule 4 and Advisory Committee Notes. Respondent has not noticed this motion for hearing as petitioner is in custody and not represented by counsel.

**PROCEDURAL HISTORY**

On November 19, 1984, pursuant to a plea bargain, petitioner pleaded guilty in Alameda County Superior Court to one count of second degree murder, and admitted one prior serious felony conviction and one prior prison term, and an enhancement for use of a deadly weapon. Exhs. A, B at 1-4; *see* Cal. Penal Code §§ 187-189, 667(a), 667.5(b), 12022(b).[1/] His counsel acknowledged that the parties had agreed to a sentence of twenty-two years to life: fifteen years to life for second degree murder, plus five years for the prior serious felony, one year for the prior prison term, and one year for the use enhancement. Exhs. B at 1-2, C; *see* Cal. Penal Code §§ 190(a), 667(a)(1), 667.5(b), 12022(b)(1). On January 4, 1985, petitioner was sentenced to twenty-two years to life in prison. Exh. C.

Petitioner asserts that he appealed from his conviction. Petition at 3 at ¶8. We are unable to locate any record of such an appeal. No such appeal is reflected in the state court of appeal's website (http://appellatecases.courtinfo.ca.gov/). For purposes of the timing of the instant petition, however, the existence of the alleged appeal is irrelevant, as the limitations period commenced against petitioner many years later, as we explain *infra*.

On February 6, 2007, petitioner filed a petition for writ of habeas corpus in Alameda County Superior Court. Exh. D. The petition was denied on February 9, 2007. Exh. D.

On March 6, 2007, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal (No. A116940). Exh. E. The petition was denied on March 8, 2007. Exh. E.

On April 17, 2007, petitioner filed a petition for writ of habeas corpus in the California Supreme Court (No. S151883). Exh. F. The petition was denied on August 29, 2007. Exh. F.

On or after October 2, 2007 (signature date), petitioner constructively filed the instant petition for writ of habeas corpus by delivering it to prison authorities for mailing to this Court; the

---

1. For simplicity, we will cite to the current versions of the statutes involved. The sentences implicated by those provisions has not changed since the time of petitioner's 1984 offenses. *Compare* Cal. Penal Code §§ 190(a), 667(a), 667.5(b), 12022(b) *with* Cal. Stats. 1983, ch. 229, § 1, p. 706 (amending § 667.5), Cal. Stats. 1982, ch. 142, § 4, p. 477 (amending § 12022), Cal. Stats. 1982, p. A-188, sec. 5 (initiative adding § 667), Cal. Stats. 1978, p. A-168 (noting adoption of Initiative 7 at Nov. 7, 1978, General Election), Exh. G (Cal. Voters Pamphlet, Initiative 7 (repealing old, adding new, § 190), Nov. 7, 1978, General Election; *see* Exh. A.

petition was filed in fact on October 23, 2007.

**ARGUMENT**

The petition was filed beyond the one-year statute of limitations. It must be dismissed.

Petitioner's 28 U.S.C. § 2254 petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which imposes a one-year statute of limitations on the filing of federal habeas petitions. 28 U.S.C. § 2244(d)(1). For inmates such as petitioner whose state convictions became final prior to the April 24, 1996, enactment of AEDPA, there is a one-year grace period in which to file their petition. *Patterson v. Stewart*, 251 F.3d 1243, 1245 (9th Cir. 2001). The instant petition was thus due on April 24, 1997. *Id.* at 1246. As the instant petition was filed in 2007, it is untimely by more than ten years unless saved by tolling.

Petitioner did pursue collateral review in state court, which ordinarily would toll the limitations period. 28 U.S.C. § 2244(d)(2); *see* Exhs. D-F. He commenced those proceedings after the limitations period had expired, however. Those proceedings accordingly had no tolling effect on the statute. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

Petitioner may rejoin that his petition is based on *Cunningham v. California*, ___ U.S. ___, 127 S. Ct. 856 (2007), and that the limitations period did not commence against him until that decision issued. *See* 28 U.S.C. § 2244(d)(1)(C); Petition at 6 (identifying claims). We disagree, at least in part.

Petitioner's first claim is that his sentencing judge "added"—apparently out of thin air—"life plus 7 years to the agreed upon 15 year sentence." Petition at 6. He cites only *Boykin v. Alabama*, 395 U.S. 238 (1969), not *Cunningham*, in support of his claim. Petition at 6. Petitioner's claim, in short, appears to be a challenge to his plea, or an alleged violation of his plea, as opposed to the imposition of a sentence in excess of the statutory maximum. In any event, petitioner's claim lacks a factual premise, as it is based on his own misrepresentations. That is, the record shows petitioner pleaded guilty to charges that necessitated a twenty-two years to life sentence, and entered his plea with the knowledge that he would be sentenced to twenty-two years to life in prison. Exhs. A-C; *see* Cal. Penal Code §§ 190(a) (fifteen years (fixed; no range) to life for second degree murder), 667(a) (consecutive five-year (fixed; no range) term for prior serious felony, 667.5(b)(1)

(consecutive one-year (fixed; no range) term for prior prison term), 12022(b)(1) (consecutive one-year (fixed; no range) term for weapon use). Neither he nor his counsel stated any objection at sentencing to the agreed upon sentence. *See* Exh. C. In sum, petitioner's first claim is not based on *Cunningham*, and is untimely and frivolous.

Petitioner's second claim, unlike his first, expressly relies on *Cunningham v. California*, 127 S. Ct. 856. Petition at 6. Petitioner explains his claim, however, as this: "[N]ot being given the opportunity to refute the excessive sentence imposed by his honor at sentencing violated petitioner's due process." Petition at 6. It is unclear what petitioner claims—he could have objected to or "refuted" his sentence at sentencing, *see* Exh. C—but it appears to be based on the same misrepresentation of the record discussed above. It is thus equally frivolous and may be summarily dismissed, regardless whether it purports to be based on *Cunningham*.

Petitioner's third claim is, "By not allowing petitioner to be sentenced in excess of the statutory maximum by a jury, his honor denied petitioner of [*sic*] his 14th Amendment right to trial by jury." Petition at 6. While we would agree that, by such an allegation, petitioner attempts to claim *Cunningham* sentencing error, the claim is meritless on its face and should be dismissed summarily with petitioner's other claims.[2/] As discussed, petitioner pleaded guilty to an offense, and admitted enhancements for that offense, that carried only *fixed, consecutive* terms. *See* Cal. Penal Code §§ 190(a) (fifteen years to life), 667(a)(1) (consecutive five-year term), 667.5(b) (consecutive one-year term), 12022(b)(1) (consecutive one-year term); Exhs. A-C. There were, in other words, no "sentence ranges" or sentencing choices implicated by petitioner's charge or enhancements. *See* *Cunningham v. California*, 127 S. Ct. at 861-62 & n.3. Petitioner also stipulated to a factual basis for the plea and enhancements, and his counsel acknowledged that the parties had agreed upon a sentence of twenty-two years to life pursuant to the plea bargain. Exh. B at 1-3; *see* Exh. C. *Cunningham v. California*, 127 S. Ct. 856 does not apply to such circumstances. As the Court there explained:

> [T]he Federal Constitution's jury-trial guarantee proscribes a sentencing scheme that allows a judge to impose a sentence above the statutory maximum based on a fact, other

---

2. Put otherwise, as *Cunningham* is inapplicable on its face, so is 28 U.S.C. § 2244(d)(1)(C).

> than a prior conviction, not found by a jury or admitted by the defendant. *Apprendi* v. *New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000); *Ring* v. *Arizona*, 536 U.S. 584, 122 S. Ct. 2428, 153 L. Ed. 2d 556 (2002); *Blakely* v. *Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004); *United States* v. *Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). "[T]he relevant 'statutory maximum,'" this Court has clarified, "is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings." *Blakely*, 542 U.S., at 303-304, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (emphasis in original).

*Cunningham*, 127 S. Ct. at 860. In other words, *Cunningham*, like *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004) before it, applies to circumstances wherein a sentencing judge imposes a sentence greater than the maximum that could be imposed based solely on the facts reflected in the jury's verdict or admitted by the defendant. *Cunningham*, 127 S. Ct. at 860; *Blakely*, 124 S. Ct. at 2357. Again, petitioner pleaded guilty and admitted enhancements that provided only for one sentence: that which he received.[3/] *Cunningham* is inapplicable. Its application here is also barred by *Teague v. Lane*, 489 U.S. 288 (1989). *Flores v. Hickman*, 2008 U.S. Dist. LEXIS 12129, **19-27, *adopted by* 2008 U.S. Dist. LEXIS 12218 (C.D. Cal. 2008). The petition should be dismissed.

**CONCLUSION**

Accordingly, for the reasons stated, respondent respectfully requests that the petition for writ of habeas corpus be dismissed with prejudice as untimely.

///

///

///

---

3. To the extent petitioner contends the trial court improperly imposed the prior prison term and prior conviction he admitted, *Cunningham* is in applicable for the further reason that its rule is not implicated by prior conviction allegations. *Cunningham*, 127 S. Ct. at 860.

Dated: March 24, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

GERALD A. ENGLER
Senior Assistant Attorney General

PEGGY S. RUFFRA
Supervising Deputy Attorney General

/s/ Gregory A. Ott
GREGORY A. OTT
Deputy Attorney General

Attorneys for Respondent

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name: **Corral v. Evans, Warden**

No.: **C 07-5383 MJJ (PR)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter; my business address is 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004.

On March 25, 2008, I served the attached

**MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS UNTIMELY**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States Mail at San Francisco, California, addressed as follows:

Richard Anthony Corral
Salinas Valley State Prison
A-5 - 135
Prisoner Id C-99479
P. O. Box 1050
Soledad, CA 93960

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on March 25, 2008, at San Francisco, California.

| S. Agustin | /s/ S. Agustin |
|---|---|
| Declarant | Signature |

40233020.wpd

# EXHIBIT A

JOHN J. MEEHAN
District Attorney
900 Courthouse
1225 Fallon Street
Oakland, California 94612
(415) 874-6565

FILED
AUG 17 1984
RENE C. DAVIDSON, County Clerk
By [signature] DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF ALAMEDA

THE PEOPLE OF THE STATE OF CALIFORNIA,

—vs—

RICHARD CORRAL and CATHY MARTINEZ,

Defendant(s)

NO. 79351
INFORMATION

PFN AHY 284 CEN 4045901
PFN AJM 283 CEN 4045873

The District Attorney of the County of Alameda hereby accuses

RICHARD CORRAL and CATHY MARTINEZ

of a felony, to wit, Murder-First Degree, a violation of Section 187 of the Penal Code of California,

in that on or about the 6th day of May, 19 84, in the County of Alameda, State of California, said defendants did then and there murder LEWIS BURKE, a human being.

USE OF DEADLY WEAPON CLAUSE

(Section 12022(b) Penal Code)

The District Attorney of the County of Alameda further charges that in and during the commission and attempted commission of the above offense, the said defendant RICHARD CORRAL personally used a deadly and dangerous weapon, to wit: a bottle.

3

OFFICE OF DISTRICT ATTORNEY ALAMEDA COUNTY CALIFORNIA CTH 005

GREAT BODILY INJURY CLAUSE

(Section 1203.075 Penal Code)

The District Attorney of the County of Alameda further charges that in and during the commission and attempted commission of the above offense, the said defendant RICHARD CORRAL, with the intent to inflict such injury, personally inflicted great bodily injury on LEWIS BURKE.

INFIRM/AGED VICTIM CLAUSE

(Section 1203.09(a) Penal Code)

The District Attorney of the County of Alameda further charges that during the course of commission and attempted commission of the above offense, the said defendant personally inflicted great bodily injury upon LEWIS BURKE, the person against whom the above offense was committed, who was, at that time sixty (60) years of age or older, and that said defendant knew and reasonably should have known of such fact.

S E C O N D   C O U N T

And the said RICHARD CORRAL is further accused by the District Attorney of the County of Alameda, by the second count of this Information, of a felony, to wit: Robbery, a violation of Section 211 of the Penal Code of California, in that on or about the 6th day of May, 1984, in the County of Alameda, State of California, said defendant did then and there rob LEWIS BURKE of radio and clocks.

USE OF DEADLY WEAPON CLAUSE

(Section 12022(b) Penal Code)

The District Attorney of the County of Alameda further charges that in and during the commission and attempted commission of the above offense, the said defendant RICHARD CORRAL personally used a deadly and dangerous weapon, to wit: a bottle.

OFFICE OF
DISTRICT ATTORNEY
ALAMEDA COUNTY
CALIFORNIA

GREAT BODILY INJURY CLAUSE

(Section 1203.075 Penal Code)

The District Attorney of the County of Alameda further charges that in and during the commission and attempted commission of the above offense, the said defendant RICHARD CORRAL, with the intent to inflict such injury, personally inflicted great bodily injury on LEWIS BURKE.

INFIRM/AGED VICTIM CLAUSE

(Section 1203.09(a) Penal Code)

The District Attorney of the County of Alameda further charges that during the course of commission and attempted commission of the above offense, the said defendant personally inflicted great bodily injury upon LEWIS BURKE, the person against whom the above offense was committed, who was, at that time sixty (60) years of age or older, and that said defendant knew and reasonably should have known of such fact.

FIRST PRIOR CONVICTION AGAINST RICHARD CORRAL

(Section 667.5(b) Penal Code)

The District Attorney of the County of Alameda further charges that before commission of the offenses specified above, said defendant RICHARD CORRAL on or about the 7th day of September, 1979, was convicted in the Superior Court of the State of California in and for the County of Alameda, of the crime of felony to wit: Receiving Stolen Property, a violation of Section 496 of the Penal Code of California, and served a separate prison term therefor.

The District Attorney of the County of Alameda further charges that between the date of commission of the offenses charged in this Information and the date of completion of the prison term for the above offense, defendant has not remained free for any five-year period of prison custody and the commission of an offense which resulted in felony conviction.

OFFICE OF DISTRICT ATTORNEY ALAMEDA COUNTY CALIFORNIA

SECOND PRIOR CONVICTION AGAINST RICHARD CORRAL

(Section 667 Penal Code)

The District Attorney of the County of Alameda further charges that before commission of the offenses specified above, said defendant RICHARD CORRAL on or about the 6th day of January, 1977, was convicted in the Superior Court of the State of California in and for the County of Alameda, of the crime of felony, to wit: Robbery-Second Degree, a violation of Section 211 of the Penal Code of California, separately brought and tried, and received probation therefor.

JOHN J. MEEHAN
District Attorney of the County
of Alameda, State of California

By William M. Baldwin
William M. Baldwin
Assistant District Attorney

# EXHIBIT B

.1-4.

FILED
DEC 10 1984
RENE C. DAVIDSON, County Clerk
By [signature] Deputy
Melissa L. Fowler

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

BEFORE THE HONORABLE STANLEY P. GOLDE, JUDGE

DEPARTMENT NO. 9

THE PEOPLE OF THE STATE OF CALIFORNIA, Plaintiff,

vs.

RICHARD CORRAL, Defendant.

No. 79351

CHANGE OF PLEA

COURTHOUSE, OAKLAND, CALIFORNIA

MONDAY, NOVEMBER 19, 1984

---o0o---

For the People: ALEX SELVIN, Deputy District Attorney

For the Defendant: WILLIAM KEEP and ROBERT SHIPWAY
Assistant Public Defenders

Also Present: ROBERT G. WADE, Attorney at Law

---o0o---

THE COURT: All right. In the matter of People versus Richard Corral.

Mr. Selvin, I have 22 to life. Is this the agreement?

MR. KEEP: Yes, that is. That's our understanding. Basically, Mr. Corral would plead to second degree murder, the use clause, and admit the --

THE COURT: It's a one year use clause?

18

MR. SELVIN: Yes. One year.

THE COURT: That's the bottom.

MR. KEEP: Then he would admit both the first prior and second prior convictions. One of them being a one year prior and the other being a five year prior.

THE COURT: There would be then a total of 22 to life. 15 plus one plus five plus one.

MR. KEEP: Correct.

THE COURT: Mr. Corral, you've been speaking both with Mr. Shipway, Mr. Keep, and Mr. Wade and you understand that you do have a right to a jury or court trial. That the jury's on call now. And when you enter a plea of guilty you give up that right; is that correct?

THE DEFENDANT: Yes.

THE COURT: Further, you have a right to be confronted by witnesses against you, to examine and cross-examine them. When you enter a plea of guilty, you give up that right; is that correct?

THE DEFENDANT: Yes.

THE COURT: Further, there's a privilege against self-incrimination. You have a right to remain silent. When you enter a plea of guilty you give up that right; is that correct?

THE DEFENDANT: Yes.

THE COURT: You do this freely and voluntarily?

THE DEFENDANT: (The defendant nods his head in the affirmative.)

THE COURT: You understand, Mr. Corral, you could be on

parole for up to five years, zero to five years; do you understand that?

THE DEFENDANT: Yes.

THE COURT: May it be a stipulated there's a factual basis for the plea?

MR. SELVIN: Yes, there is, Your Honor.

MR. KEEP: Yes.

MR. SELVIN: May the record also reflect that we have both everyone --

THE COURT: We've got a few other things. We're going to drop the great bodily injury clause as to Count One. We're dropping the infirm age clause. We are dropping the entire Second Count with the enhancements. And you'll admit the first two priors.

So, Melissa, arraign him just on the --

MR. KEEP: There was a further understanding that there is apparently presently pending in Oakland Municipal Court a misdemeanor 245 which would also be dismissed.

THE COURT: Yes. That will be dismissed.

Do you have the action number on that?

MR. KEEP: I'm looking to see if I do.

THE COURT: Let's take the plea and we'll get that.

MR. SELVIN: That will be dismissed.

THE COURT: We'll stipulate we're going to amend the first count which now charges murder of the first degree to murder of the second degree.

MR. SELVIN: So stipulated.

THE CLERK: Richard Corral, to the crime of a felony, to

wit, murder, second degree, a violation of Section 187 of the Penal Code of California, as charged in Count One of the Information, how do you plead? Guilty or not guilty?

THE DEFENDANT: Guilty.

THE CLERK: And further, do you admit during the commission and attempted commission of the aforesaid offense that you personally used a deadly and dangerous weapon, to wit, a bottle?

THE DEFENDANT: Yes.

THE COURT: The rest will be dismissed on motions of the District Attorney.

THE CLERK: Further, do you admit having sufferred the first and second prior convictions charged in the Information?

THE DEFENDANT: Yes.

THE COURT: All right. On motion of the District Attorney the other matters will be dismissed.

The matter will be referred to the probation officer for pre-sentence report.

Is time for sentence waived?

MR. KEEP: Yes, it is.

THE COURT: About five weeks I guess.

THE CLERK: December 24th. That's a Monday.

MR. KEEP: Could it be the 20th or after the first of the year?

THE COURT: You better put it after the first of the year if he'll waive time. I think you're going to have a little trouble getting it by the 20th.

MR. KEEP: I'm out of state from the 21st on until after

the first of the year.

THE COURT: Okay.

THE CLERK: January 4th. That's a Friday.

THE COURT: January 4, 1985, at 9:00 a.m.

Mr. Corral, your date of birth, please?

THE DEFENDANT: April 20th, 1957.

THE COURT: I'm sorry.

MR. KEEP: 4-20-57.

THE COURT: Thank you.

MR. KEEP: The action number in Oakland is 235865.

MR. SELVIN: Your Honor, may the record reflect that we have here Mr. Keep and Mr. Shipway from the Public Defender's Office as well as Mr. Wade.

THE COURT: Yes. The record will indicate we not only have Mr. Keep and Mr. Shipway but, I don't know, Mr. Wade, the record should probably reflect you were here also.

MR. WADE: I don't object. That's fine.

THE COURT: Thank you.

MR. SELVIN: Thank you. It should reflect Mr. Wade here has discussed the matter with --

THE COURT: Well, I assume he has. I have not been impart.

MR. SELVIN: I don't think the record or at least the Court would be interested that Mr. Corral is here somewhere in the gallery.

THE COURT: That's right. We assume he's sitting at the table.

I assume he's spoken to him but I have no independent

knowledge other than the fact that I saw his lips move.

---oOo---

STATE OF CALIFORNIA )
) ss.
COUNTY OF ALAMEDA )

I, FRANCINA BRATTEN KIDD, Certified Shorthand Reporter and Official Court Reporter of the State of California, County of Alameda, hereby certify that the foregoing is a full, true and accurate transcript of my shorthand notes taken of the aforementioned proceedings at the time and place therein indicated.

IN WITNESS WHEREOF, I have hereunto set my hand this 7th day of December, 1984.

FRANCINA BRATTEN KIDD, C.S.R.

# EXHIBIT C

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

BEFORE HONORABLE STANLEY P. GOLDE, JUDGE

DEPARTMENT NO. 9

---oOo---

FILED
JAN 2 9 1985
RENE C. DAVIDSON, County Clerk
By Melissa L. Fowler Deputy
Melissa L. Fowler

THE PEOPLE OF THE STATE OF CALIFORNIA, Plaintiff,

vs.

RICHARD CORRAL, Defendant.

No. 79351A
PROCEEDINGS ON SENTENCE

COURTHOUSE, OAKLAND, ALAMEDA COUNTY, CALIFORNIA

REPORTER'S TRANSCRIPT

FRIDAY, JANUARY 4, 1985

A P P E A R A N C E S

For the People: JOHN J. MEEHAN, DISTRICT ATTORNEY
By: DAVID WHITMAN, Deputy

For the Defendant: JAMES R. JENNER, PUBLIC DEFENDER
By: WILLIAM KEEP, Assistant

Also Present: NAT BATES, Deputy Probation Officer

22

PROCEEDINGS

FRIDAY, JANUARY 4, 1985 - A.M. SESSION

---oOo---

THE COURT: Richard Corral.

THE BAILIFF: In custody.

Do you have that Information?

THE CLERK: It's right inside the file there.

THE COURT: The Court has read and considered the report of the Probation Officer. Is there anything further?

MR. KEEP: Nothing further, Your Honor, except I computed his actual time in jail as being 239 days so far.

THE COURT: All right. We'll get to that in a minute.

Pursuant to Rule 414(b), I find if not imprisoned, he will be a danger to others. The crime of murder is serious. Probation is denied.

Do you waive formal arraignment for sentence?

MR. KEEP: Yes.

THE COURT: Is there any legal cause why sentence should not be imposed?

MR. KEEP: No legal cause.

THE COURT: The defendant having been convicted by a plea of guilty of the offense of a felony, to wit, murder, a violation of Section 187 of the Penal Code, the degree of murder being fixed as that of the second degree, and probation having been denied, it is the judgment of this Court and

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that in punishment for said offense the defendant be imprisoned in the State Prison of the State of California for the indeterminate sentence of 15 years to life.

The defendant further having personally used a deadly weapon, pursuant to Section 12022(b), to wit a bottle, and probation having been denied, it is the judgment of this Court and

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that in punishment for said offense the defendant be imprisoned in the State Prison of the State of California for a period of one year.

Said term will run consecutive to the 15 to life, for a principal offense term of 16 years to life, that being the 15 base term plus one year for the enhancement.

The defendant further having admitted the first prior, it is the judgment of this Court and

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that in punishment for said offense the defendant be imprisoned in the State Prison of the State of California for a period of one year.

Said term will run consecutive to the 16 to life, for a total term of 17 years to life.

The defendant further having admitted the second prior conviction, and probation having been denied, it is the judgment of this Court and

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that

in punishment for said offense the defendant be imprisoned in the State Prison of the State of California for a period of five years.

Said term will run consecutive to the others, for a total offense term of 22 years to life, the calculation being the principal term, which is the 16 years to life, plus one year for -- a one-year prior and a five-year prior, for a total of 22 years to life.

You get credit for 240 actual, 120 Sage credits.

THE CLERK: Restitution Fine?

THE COURT: There will be a Restitution Fine in the sum of $500.

---oOo---

I, JAMES LEE, C.S.R. NO. 4820, hereby certify that the above is a true and correct transcription of my shorthand notes of the above-entitled proceedings.

Dated: January 25, 1985.

James Lee

# REPORT—INDETERMINATE SENTENCE, OTHER SENTENCE CHOICE

FORM CR 291

FILED
ALAMEDA COUNTY
JAN 16 1985
RENE C. DAVIDSON, County Clerk
By [signature]

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

BRANCH

COURT I.D.: 0 1

PEOPLE OF THE STATE OF CALIFORNIA versus [X] PRESENT [ ] NOT PRESENT

DEFENDANT: RICHARD CORRAL

AKA: (AHY 284 4045901)

CASE NUMBER(S): 79351 A -A; -B; -C; -D; -E

REPORT TO JUDICIAL COUNCIL OF: [X] INDETERMINATE SENTENCE TO STATE PRISON [ ] SENTENCE CHOICE OTHER THAN STATE PRISON

| DATE OF HEARING (MO) (DAY) (YR) | DEPT. NO. | JUDGE | CLERK |
|---|---|---|---|
| 01 04 85 | 9 | STANLEY P. GOLDE | Melissa Fowler |

| REPORTER | COUNSEL FOR PEOPLE | COUNSEL FOR DEFENDANT | PROBATION NO. OR PROBATION OFFICER |
|---|---|---|---|
| James Lee | David Whitman, Deputy District Attorney | William Keep, Ass't Public Defender | Nathaniel Bates, Deputy |

1. DEFENDANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONIES:

A. [ ] ADDITIONAL COUNTS ARE LISTED ON ATTACHMENT ______

| COUNT | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION MO | DAY | YEAR | CONVICTION BY JURY TRIAL | COURT TRIAL | PLEA | 654 STAY | ENHANCEMENTS (CHARGED AND FOUND) 12022(a) | 12022(b) | 12022.3(a) | 12022.3(b) | 12022.5 | 12022.6(a) | 12022.6(b) | 12022.7 | 12022.8 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | PC | 187** | Murder Second Degree | 84 | 11 | 19 | 84 | | | X | | | X | | | | | | | |
| | | | | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | | | | |

2. A. Number of prior prison terms charged and found

| SECTION | NUMBER |
|---|---|
| 667.5(a) | |
| 667.5(b) | 1 |
| 667.6(b) | |

B. Number of prior felony convictions

| SECTION | NUMBER |
|---|---|
| 667 | 1 |

3. [ ] Defendant was sentenced to death on counts ____, ____, ____, ____, ____.
4. [X] Defendant was sentenced to State Prison:
   A. [X] For twenty-two (22) years to life, with possibility of parole, on counts 1 ____, ____, ____, ____, ____.
   B. [ ] For life without the possibility of parole on counts ____, ____, ____, ____, ____.
   C. [ ] For other term prescribed by law on counts ____, ____, ____, ____, ____.
5. [ ] Counts ____, ____, ____, ____, were deemed misdemeanors.
   A. [ ] Defendant sentenced to ____ (NUMBER) days in county jail for all counts.
   B. [ ] Defendant fined in sum of $ ____.
6. [ ] For counts ____, ____, ____, ____, the defendant was placed on probation.
   A. (1) [ ] Sentence pronounced and execution of sentence was suspended; or
   (2) [ ] Imposition of sentence was suspended.
   B. Conditions of probation included [ ] Jail Time ____ days [ ] Fine
7. Other dispositions
   A. [ ] Defendant was committed to California Youth Authority.
   B. [ ] Proceedings suspended, and defendant was committed to California Rehabilitation Center.
   C. [ ] Proceedings suspended, and defendant was committed as a Mentally Disordered Sex Offender.
   D. [ ] Proceedings suspended, and defendant was committed as mentally incompetent.
   E. [ ] Other (Specify) ____

NOTE: PURSUANT TO ARTICLE VI, SECTION 6 OF THE CALIFORNIA CONSTITUTION AND SECTION 68505 OF THE GOVERNMENT CODE, THE CHIEF JUSTICE REQUIRES THAT EACH SUPERIOR COURT SHALL COMPLETE THIS FORM FOR EACH INDETERMINATE SENTENCE TO STATE PRISON OR SENTENCE CHOICE OTHER THAN STATE PRISON. THE REPORTS IMPLEMENT SECTION 1170.4 OF THE PENAL CODE AND SHALL BE MAILED TO: ADMINISTRATIVE OFFICE OF THE COURTS, 350 McALLISTER, 3200 STATE BUILDING, SAN FRANCISCO, CALIFORNIA 94102

| DATE | SIGNATURE OF CLERK |
|---|---|
| 1/16/85 | [signature] |

# SUPERIOR COURT OF THE STATE OF CALIFORNIA IN AND FOR THE COUNTY OF ALAMEDA

## ABSTRACT OF JUDGMENT
(Commitment to State Prison)

FILED
ALAMEDA COUNTY
JAN 16 1985
RENE C. DAVIDSON, County Clerk
By Beverly Graves

The People of the State of California, Present:

vs.

RICHARD CORRAL (AHY 284 4045901) Defendant

Present: Hon. STANLEY P. GOLDE
Judge of the Superior Court
David Whitman, Deputy
District Attorney
William Keep, Ass't Public Defender
Counsel for Defendant

This certifies that on Nov. 19, 1984 judgment of conviction of the above-named defendant was entered as follows:

(1) Case No 79351 A Count No. 1

On his plea of guilty

he was convicted by Plea of Guilty of a felony, to wit: Murder-Second Degree, a violation of Section 187 of the Penal Code of the State of California, as charged in the 1st count of the Information as Amended. Defendant admitted having personally used a deadly and dangerous weapon, to wit: a bottle in and during the commission and attempted commission of the offense as charged in the 1st count; and further admitted having suffered the two (2) prior convictions. On motion of the District Attorney and in the furtherance of justice; with prior felony convictions charged and proved or admitted as follows:

| Date | County and State | Crime | Disposition |
|---|---|---|---|
| 9/7/79 | Alameda-California | Sec. 496 PC | State Prison(667.5b |
| 1/6/77 | Alameda-California | Sec. 211 PC, 2nd deg | Probation (667a PC) |

*the Court ordered the great bodily injury/infirm aged victim clause as to the 1st count, and the 2nd count dismissed. Defendant's motion for probation is denied.

Defendant has been held in custody for 240/actual plus 120 good/worktime days; a total of: 360 days as a result of the same criminal act or acts for which he has been convicted.

DefendantX (was was not) armed with a deadly weapon at the time of his commission of the offense or a concealed deadly weapon at the time of his arrest within the meaning of Penal Code Section 3024.

(2) Defendant X (was was not) adjudged an habitual criminal within the meaning of Subdivision X (a) or (b) of Section 644 of the Penal Code, and the Defendant X an habitual criminal in accordance with provisions of Subdivision (c) of that section.

(3) IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the said defendant be punished by imprisonment in state prison of the State of California for the term of fifteen (15) years to Life; plus one (1)* and that he be remanded to the Sheriff of the County of Alameda, and by him delivered to the Director of Corrections of the State of California at

It is ordered that sentences shall be served in respect to one another as follows:
The term of imprisonment imposed on the use clause as to the 1st count shall run consecutively pursuant to Section 12022.(b) of the Penal Code; the term imposed on the 1st and 2nd prior convictions shall run consecutively to each other and the term imposed on the 1st count

and in respect to any prior incompleted sentence(s) as follows:
"THE COURT MAKES NO ORDER"

*/year on the use clause as to the 1st count; plus one (1) year on the 1st prior conviction; plus five (5) years on the 2nd prior conviction, for a total term of: twenty-two (22) years to Life.

(4) To the Sheriff of the County of Alameda and to the Director of Corrections at the California Medical Facility, Vacaville, California

Pursuant to the aforesaid judgment, this is to command you, the said Sheriff, to deliver the above named defendant into the custody of the Director of Corrections at the California Medical Facility, Vacaville, California, at your earliest convenience.

Witness my hand and seal of said court January 4, 1985

Presented and Signed: January 16, 1985

RENE' C. DAVIDSON, County Clerk

(SEAL)

By Beverly Graves, Deputy

(see reverse side for Certification)

# EXHIBIT D

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA** Dept. No. 9

Date: February 9, 2007 Hon. LARRY J. GOODMAN, Judge Fil R. Cruz, Deputy Clerk.
Not Reported, Reporter

IN RE

RICHARD CORRAL
Petitioner

vs.

PEOPLE OF THE STATE OF CALIFORNIA
Respondent

Counsel appearing for Petitioner: No Appearance

Counsel appearing for Respondent: No Appearance

Nature of Proceedings: **ORDER OF THE COURT**
**REGARDING PETITION FOR WRIT OF HABEAS CORPUS**

**Case No. 79351A**
**PFN: AHY284**
**CEN: 4045901**

Petition for writ of habeas corpus is denied. The Petition fails to state a prima facie case for relief. The Apprendi/Blakely/Cunningham line of cases cited by Petitioner do not apply to his situation. Petitioner entered into a negotiated plea agreement. The Petitioner was fully advised of his rights and made a knowing and intelligent waiver of those rights. He was sentenced in accordance with the plea agreement. There was no due process violation.

**CLERK'S CERTIFICATE OF MAILING**

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served **ORDER OF THE COURT** by placing copies in envelopes addressed as shown below and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Richard Corral
CDC or ID Number C-99479
A-5-131L – Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960

Dated: February 13, 2007

By: ______________________
Fil R. Cruz, Deputy Clerk

170-K26 (REV. 5/01)

RENE DAVIDSON COURTHOUSE

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

**CLERKS DOCKET AND MINUTES**

DOCKET NAME CORRAL,RICHARD DEPT. 009 CRT. DATE/TIME 2/09/07 15:00

EVENT NAME CORRAL,RICHARD NMN RPT. NO. 8444647 HA DOCK NO. 79351A

PROC. EXPHG PTHC CEN. 4045901 PFN. AHY284 A DAY 05/11/84 SJ DATE 8/20/07

COUNTS AAG-OPD ACITY OA

CHARGES )F187 2ND PC CONVICTED-GUILTY PL
)F211U/AG/GB PC 2 PRS DISM-M/DA-

STAT BAIL TOTAL DAYS IN CUSTODY: 257

BAIL ____ STAT. ____ BOND DT. ____ BOND CO. ____ DOB 04/20/57

BAIL ____ STAT. ____ BOND DT. ____ BOND CO. ____ BAC ____

FINE/REST. ____ DATE PAID ____ REC. NO. ____ TIME WAIVED ____

**PROCEEDING** DCCO:

JUDGE LARRY GOODMAN DEP. D.A. ____

DEP. CLERK FIL CRUZ DEF. ATTY. PD

REPORTER ANNIE MENDIOLA (Not Reported) OTHERS ____ [X] Not Present

**Defendant:** [ ] Present [X] Not Present [ ] Excused [ ] In Custody [ ] Pro Per

[ ] Interpreter ____ is present. Language spoken: ____

[ ] Defendant duly arraigned/advised as to constitutional rights [ ] Defendant waives arraignment [ ] Waiver of Rights filed

[ ] Defendant served: [ ] ____ Complaint [ ] Discovery [ ] Petition [ ] Motion [ ] Protective Order (PC 136.2)

[ ] Referred to Public Defender [ ] Public Defender files conflict [ ] Financially ineligible [ ] Private counsel appointed

[ ] Plea Withdrawn [ ] Change of Plea [ ] Plea to count(s) ____ [ ] Not Guilty [ ] Guilty [ ] No Contest/Found Guilty

[ ] Stipulates to: lesser included / reasonably related offense of count(s) ____ to charge(s) ____

[ ] Time waived for: [ ] Preliminary Examination ____ days [ ] Trial [ ] Sentence [ ] Time not waived [ ] Time waiver withdrawn

[ ] **Clauses:** [ ] Stricken ____ [ ] Admitted ____ [ ] Sentencing Purposes Only

[ ] **Priors:** [ ] Stricken ____ [ ] Admitted ____ [ ] Denied

[ ] **Probation:** [ ] **Conditional Sentence:** [ ] Granted for ____ years/months [ ] See attached conditions

[ ] Revoked [ ] Restored [ ] Modified [ ] Extended to ____ [ ] Continue on same terms and conditions [ ] Terminated

[ ] Defendant admits probation violation [ ] Previous order revoking probation vacated, set aside, defendant restored to probation

[ ] Submit to search and seizure of person, residence, vehicle or any property under defendant's control ____

[ ] No contact with / not to annoy ____, directly or indirectly: stay at least ____ away

[ ] Additional order(s): ____

[X] Petition/Motion for Writ of Habeas Corpus [ ] Granted [X] Denied [ ] Withdrawn

[ ] Referred to: [ ] Probation Dept. [ ] Financial Hearing Officer [ ] ____

**Restitution:** [ ] Referred to ____ for Determination [ ] Ordered [ ] Reserved [ ] Modified

[ ] Bail Forfeited [ ] Bail Forfeiture Set Aside [ ] Bail Reinstated [ ] Bail Exonerated [ ] Summary Judgment Entered

[ ] **Bench Warrant:** [ ] Issued [ ] Withheld [ ] Withdrawn [ ] Bail Set at $ ____ [ ] No Cite Release [ ] Night Service

ont: Date: ____ Time: ____ Dept. ____ Proc.: ____ Date: ____ Time: ____ Dept. ____ Proc.: ____

ORPUS Codes: ____

DOCKET NAME CORRAL,RICHARD NMN CT. DATE 2/09/07 DOCK NO. 79351A

MC-275

Name RICHARD CORRAL

Address A-5-131L SALINAS VALLEY STATE PRISON

P.O. BOX 1050

SOLEDAD, CA. 93960

CDC or ID Number C-99479

FILED
ALAMEDA COUNTY
FEB 0 9 2007
CLERK OF THE SUPERIOR COURT
By [signature] Deputy

SUPERIOR COURT FOR THE COUNTY OF ALAMEDA CALIFORNIA
(Court)

RICHARD CORRAL
Petitioner

vs.

M.S. EVANS, - WARDEN
Respondent

**PETITION FOR WRIT OF HABEAS CORPUS**

No. 79351A
(To be supplied by the Clerk of the Court)

EVIDENTIARY HEARING REQUESTED

## INSTRUCTIONS—READ CAREFULLY

- **If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.**
- **If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.**

- Read the entire form *before* answering any questions.
- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.
- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."
- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.
- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.
- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.
- Notify the Clerk of the Court in writing if you change your address after filing your petition.
- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rule 60 of the California Rules of Court [as amended effective January 1, 2005]. Subsequent amendments to Rule 60 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

RECEIVED FEB - 9 2007

Form Approved by the Judicial Council of California MC-275 [Rev. July 1, 2005]

PETITION FOR WRIT OF HABEAS CORPUS

Page one of six

Penal Code, § 1473 et seq.; Cal. Rules of Court, rule 60(a)

American LegalNet, Inc. www.USCourtForms.com

**This petition concerns:**

- [ ] A conviction
- [x] A sentence
- [ ] Jail or prison conditions
- [ ] Parole
- [ ] Credits
- [ ] Prison discipline
- [ ] Other *(specify)*: ______

1. Your name: RICHARD CORRAL
2. Where are you incarcerated? SALINAS VALLEY STATE PRISON
3. Why are you in custody? [x] Criminal Conviction [ ] Civil Commitment

*Answer subdivisions a. through i. to the best of your ability.*

a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

2nd DEGREE MURDER, USE OF A DEADLY WEAPON

b. Penal or other code sections: PC. 187, P 12022.(B)

c. Name and location of sentencing or committing court: SUPERIOR COURT OF ALAMEDA COUNTY CALIFORNIA

d. Case number: 79351-A

e. Date convicted or committed: NOV. 19, 1984

f. Date sentenced: NOV. 19, 1984

g. Length of sentence: 22 YEARS TO LIFE

h. When do you expect to be released? N/A

i. Were you represented by counsel in the trial court? [x] Yes. [ ] No. If yes, state the attorney's name and address:

OFFICE OF THE PUBLIC DEFENDER William KEEP

4. What was the LAST plea you entered? *(check one)*

[ ] Not guilty [x] Guilty [ ] Nolo Contendere [ ] Other: ______

5. If you pleaded not guilty, what kind of trial did you have?

[ ] Jury [ ] Judge without a jury [ ] Submitted on transcript [ ] Awaiting trial

6. GROUNDS FOR RELIEF

**Ground 1:** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

INVALIDATED SENTENCE

VIOLATION OF SIXTH AMENDMENT RIGHTS

a. Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at what time *(when)* or place *(where)*. *(If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

PETITIONER CONTENDS THAT THE PLEA AGREEMENT IN WHICH HE WAS SENTENCED UNDER, IS NOW INVALIDATED BECAUSE THE DEPUTY DISTRICT ATTORNEY OFFERED PETITIONER 15 YEARS W/OUT LIFE IN EXCHANGE FOR GUILTY PLEA.

2nd DEGREE MURDER CARRIES A MAXIMUM SENTENCE OF 15 YRS. TO LIFE.

IF PETITIONER HAD GONE TO TRIAL AND WAS FOUND GUILTY AS CHARGED THE MAXIMUM HE could HAVE BEEN SENTENCED TO IS 15 YRS. TO LIFE.

WHY WOULD PETITIONER KNOWINGLY ACCEPT A PLEA OFFER THAT WOULD GIVE HIM 7 YEARS MORE THAN HE would GET IF HE WENT TO TRIAL?

HIS HONOR ACCEPTED PETITIONERS PLEA AGREEMENT AND ALTERERED THE SENTENCE WELL BEYOND THE STATUTORY MAXIMUM, THUS VIOLATING PETITIONERS SIXTH AND FOURTEENTH AMENDMENT CIVIL RIGHTS

b. Supporting cases, rules, or other authority (optional):

*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

APRENDI V. NEW JERSEY 2000 530 U.S. 466, 490, 120 S.CT. 2348, 147 L.Ed2d.435

BLAKELY V. WASHINGTON, 2004 542 U.S. 296, 304-05, 124 S.CT. 2531, 159 L.Ed2d.403

U.S. V. BOOKER 2005 543 US.220, 243-44, 125 S.CT. 738, 160 L.Ed.2d.621

CUNNINGHAM V. CALIFORNIA 2007, NO 05-6551 LEXIS 1324

7. **Ground 2 or Ground** ______ *(if applicable):*

a. Supporting facts:

b. Supporting cases, rules, or other authority:

8. Did you appeal from the conviction, sentence, or commitment? ☐ Yes. ☒ No. If yes, give the following information:

a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):

b. Result ______ c. Date of decision: ______

d. Case number or citation of opinion, if known: ______

e. Issues raised: (1) ______

(2) ______

(3) ______

f. Were you represented by counsel on appeal? ☐ Yes. ☐ No. If yes, state the attorney's name and address, if known:

9. Did you seek review in the California Supreme Court? ☐ Yes ☐ No. If yes, give the following information:

a. Result ______ b. Date of decision: ______

c. Case number or citation of opinion, if known: ______

d. Issues raised: (1) ______

(2) ______

(3) ______

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:

APPEAL RIGHTS DENIED

11. Administrative Review:

a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:

N/A

b. Did you seek the highest level of administrative review available? ☒ Yes. ☐ No.

*Attach documents that show you have exhausted your administrative remedies.*

12. Other than direct appeal, have you [illegible] with respect to this conviction, [illegible], or issue in any court? ☐ Yes. If yes, continue with number 13. ☒ No. If no, skip to number 15.

13. a. (1) Name of court: ______

(2) Nature of proceeding (for example, "habeas corpus petition"): ______

(3) Issues raised: (a) ______

(b) ______

(4) Result *(Attach order or explain why unavailable)*: ______

(5) Date of decision: ______

b. (1) Name of court: ______

(2) Nature of proceeding: ______

(3) Issues raised: (a) ______

(b) ______

(4) Result *(Attach order or explain why unavailable)*: ______

(5) Date of decision: ______

c. *For additional prior petitions, applications, or motions, provide the same information on a separate page.*

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

______

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.)

NO DELAY, NEW SENTENCING RULING ONLY 15 DAYS old

16. Are you [illegible]ntly represented by counsel? ☐ Yes. ☒ No. If yes, state the attorney's name and address, if known:

______

17. Do you have any petition, appeal, or other matter pending in any court? ☐ Yes. ☒ No. If yes, explain:

______

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

NO LOWER COURT

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: 2/6/07

[signature]
(SIGNATURE OF PETITIONER)

# EXHIBIT E

COPY

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

FILED
MAR - 8 2007
Court of Appeal - First App. Dist.
DIANA HERBERT
By ______
DEPUTY

| In re RICHARD CORRAL, on Habeas Corpus. | A116940 (Alameda County Super. Ct. No. 79351A) |
|---|---|

BY THE COURT:*

The petition for a writ of habeas corpus is denied.

Dated: MAR - 8 2007 McGUINESS, P.J. P.J.

* McGuiness, P.J., Parrilli, J., & Pollak, J.

Name RICHARD CORRAL
Address A5-101L SALINAS VALLEY STATE PRISON
P.O. BOX 1050
SOLEDAD, CA. 93960
CDC or ID Number C-99479

PETITIONERS COPY

FILED
MAR - 6 2007
Court of Appeal - First App. Dist.
DIANA HERBERT
By _______ DEPUTY

FIRST DISTRICT COURT OF APPEAL
(Court)

DIVISION THREE

RICHARD CORRAL
Petitioner
vs.
M.S. EVANS - WARDEN
Respondent

PETITION FOR WRIT OF HABEAS CORPUS

No. A116940
(To be supplied by the Clerk of the Court)

EVIDENTUARY HEARING REQUESTED

## INSTRUCTIONS—READ CAREFULLY

- **If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.**
- **If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.**

- Read the entire form *before* answering any questions.
- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.
- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."
- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.
- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.
- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.
- Notify the Clerk of the Court in writing if you change your address after filing your petition.
- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rule 60 of the California Rules of Court [as amended effective January 1, 2005]. Subsequent amendments to Rule 60 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Page one of six

Form Approved by the Judicial Council of California MC-275 [Rev. July 1, 2005]

PETITION FOR WRIT OF HABEAS CORPUS

Penal Code, § 1473 et seq.; Cal. Rules of Court, rule 60(a)

American LegalNet, Inc.
www.USCourtForms.com

**This petition concerns:**

- [ ] A conviction
- [ ] Parole
- [x] A sentence
- [ ] Credits
- [ ] Jail or prison conditions
- [ ] Prison discipline
- [ ] Other *(specify)*: ______

1. Your name: RICHARD CORRAL

2. Where are you incarcerated? SALINAS VALLEY STATE PRISON

3. Why are you in custody? [x] Criminal Conviction [ ] Civil Commitment

*Answer subdivisions a. through i. to the best of your ability.*

a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

2nd DEGREE MURDER

b. Penal or other code sections: P.C. 187

c. Name and location of sentencing or committing court: SUPERIOR COURT OF ALAMEDA COUNTY CALIFORNIA

d. Case number: 79351

e. Date convicted or committed: NOV. 19, 1984

f. Date sentenced: NOV. 19, 1984

g. Length of sentence: 22 YEARS TO LIFE

h. When do you expect to be released? N/A

i. Were you represented by counsel in the trial court? [x] Yes. [ ] No. If yes, state the attorney's name and address:

William KEEP OFFICE OF THE PUBLIC DEFENDER

4. What was the LAST plea you entered? *(check one)*

[ ] Not guilty [x] Guilty [ ] Nolo Contendere [ ] Other: ______

5. If you pleaded not guilty, what kind of trial did you have?

[ ] Jury [ ] Judge without a jury [ ] Submitted on transcript [ ] Awaiting trial

6. GROUNDS FOR RELIEF

**Ground 1:** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illeg enhancement." *(If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

INVALIDATED SENTENCE
CUNNINGHAM V. CALIFORNIA CONTROLLING CITING

a. Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts up which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. F example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or faile to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swa* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at what time *(when)* or pla *(where)*. *(If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

PETITIONER CONTENDS THAT HE WAS PRESENTED WITH AND SIGNED A PLEA AGREEMENT FOR 15 YEARS NO LIFE.
HOWEVER, THOUGH AT THE TIME IT WAS LEGAL TO DO SO, HIS HONOR STANLEY P. GOLDE ADDED LIFE TO THE 15 YEARS AND ALSO ADDED A TOTAL OF 7 YEARS FOR AGREVATING CERCUM STANCES UNDER CALIFORNIA'S DETERMINATE SENTENCING LAW OF 1977. [DSL]
ON JANUARY 22, 2007 THE UNITED STATES SUPREME COURT DECIDE IN CUNNINGHAM V. CALIFORNIA THAT THE DSL VIOLATES THE SIXTH AMENDMENT RIGHT TO A FULL JURY TRIAL.
THUS PETITIONER NOW PETITIONS THIS HONORABLE COURT TO CORRECT THIS NEWLY DISCOVERED ERROR BY REMANDING PETITIONER BACK TO THE SUPERIOR COURT OF ALAMEDA COUNTY CALIFORNIA FOR RETRIAL AND RESENTENCING UNDER THE PRESENT SENTENCING GUIDELINES.
SEE EXHIBIT A

b. Supporting cases, rules, or other authority (optional):

*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

CUNNINGHAM V. CALIFORNIA 2007 NO. 05-6551
UNITED STATES V. BOOKER 2005 543 US 220, 243-44, 125 S.CT. 2531
APRENDI V. NEW JERSEY 2000 530, US 466, 490, 120 S.CT. 2348

Ground 2 or Ground ____ (if applicable):

a. Supporting facts:

b. Supporting cases, rules, or other authority:

COPIES AT STATE EXPENSE

8. Did you appeal from the conviction, sentence, or commitment? [X] Yes. [ ] No. If yes, give the following information:

a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"): FIRST DISTRICT COURT OF APPEALS

b. Result AFFIRMED c. Date of decision: ?

d. Case number or citation of opinion, if known: ?

e. Issues raised: (1) INEFFECTIVE ASSISTANCE OF COUNSEL

(2)

(3)

f. Were you represented by counsel on appeal? [X] Yes. [ ] No. If yes, state the attorney's name and address, if knov

? OF RECORD

9. Did you seek review in the California Supreme Court? [ ] Yes [X] No. If yes, give the following information:

a. Result b. Date of decision:

c. Case number or citation of opinion, if known:

d. Issues raised: (1)

(2)

(3)

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on ap explain why the claim was not made on appeal:

NEWLY DISCOVERED/CREATED CLAIM

11. Administrative Review:

a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to e› administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1! 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek sı review:

N/A

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court? [X] Yes. If yes, continue with number 13. [ ] No. If no, skip to number 15.

13. a. (1) Name of court: SUPERIOR COURT OF ALAMEDA COUNTY CALIFORNIA

(2) Nature of proceeding (for example, "habeas corpus petition"): WRIT OF HABEAS CORPUS

(3) Issues raised: (a) INVALIDATED SENTENCE

(b) SIXTH AMENDMENT VIOLATION

(4) Result *(Attach order or explain why unavailable)*: DENIED

(5) Date of decision: FEBRUARY 9, 2007

b. (1) Name of court:

(2) Nature of proceeding:

(3) Issues raised: (a)

(b)

(4) Result *(Attach order or explain why unavailable)*:

(5) Date of decision:

c. *For additional prior petitions, applications, or motions, provide the same information on a separate page.*

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:
ORDER OF THE COURT REGARDING WRIT OF HABEAS CORPUS PFN AHY284
CEN: 4095901 - DENIED

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.)
NO DELAY

16. Are you presently represented by counsel? [ ] Yes. [X] No. If yes, state the attorney's name and address, if known:

17. Do you have any petition, appeal, or other matter pending in any court? [ ] Yes. [X] No. If yes, explain:

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:
DENIED BY SUPERIOR COURT

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: 3/1/07

Richard Correll
(SIGNATURE OF PETITIONER)

EXHIBIT A

SUPERIOR COURT OF THE STATE OF CALIFORNIA IN AND FOR THE COUNTY OF ALAMEDA

# ABSTRACT OF JUDGMENT
## (Commitment to State Prison)

The People of the State of California, Present: Hon. STANLEY P. GOLDE, Judge of the Superior Court

vs.

David Whitman, Deputy, District Attorney

RICHARD CORRAL (AHY 284 4045901) Defendant

William Keep, Ass't Public Defender, Counsel for Defendant

This certifies that on Nov. 19, 1984 judgment of conviction of the above-named defendant was entered as follows:

(1) Case No. 79351 A Count No. 1

On his plea of guilty

he was convicted by Plea of Guilty of a felony, to wit: Murder-Second Degree, a violation of Section 187 of the Penal Code of the State of California, as charged in the 1st count of the information as Amended. Defendant admitted having personally used a deadly and dangerous weapon, to wit: a bottle in and during the commission and attempted commission of the offense as charged in the 1st count; and further admitted having suffered the two (2) prior convictions. On motion of the District Attorney and in the furtherance of justice with prior felony convictions charged and proved or admitted as follows:

| Date | County and State | Crime | Disposition |
|---|---|---|---|
| 9/7/79 | Alameda-California | Sec. 496 PC | State Prison (667.5 |
| 1/6/77 | Alameda-California | Sec. 211 PC, 2nd deg | Probation (667a PC |

*the Court ordered the great bodily injury/infirm aged victim clause as to the 1st count, and the 2nd count dismissed. Defendant's motion for probation is denied.

Defendant has been held in custody for 240/actual plus 120 good/worktime days, a total of: 360 day days as a result of the same criminal act or acts for which he has been convicted.

Defendant X (was was not) armed with a deadly weapon at the time of his commission of the offense or a concealed deadly weapon at the time of his arrest within the meaning of Penal Code Section 3024.

(2) Defendant X (was was not) adjudged an habitual criminal within the meaning of Subdivision X (a) or (b) of Section 644 of the Penal Code, and the Defendant X an habitual criminal in accordance with provisions of Subdivision (c) of that section.

(3) IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the said defendant be punished by imprisonment in state prison of the State of California for the term of Fifteen (15) years to Life, plus one (1)* and that he be remanded to the Sheriff of the County of Alameda, and by him delivered to the Director of Corrections of the State of California at

It is ordered that sentences shall be served in respect to one another as follows:
The term of imprisonment imposed on the use clause as to the 1st count shall run consecutively pursuant to Section 12022.(b) of the Penal Code; the term imposed on the 1st and 2nd prior convictions shall run consecutively to each other and the term imposed on the 1st count.

and in respect to any prior incompleted sentence(s) as follows:
"THE COURT MAKES NO ORDER"

*/year on the use clause as to the 1st count; plus one (1) year on the 1st prior conviction; plus five (5) years on the 2nd prior conviction, for a total term of: twenty-two (22) years to Life.

(4) To the Sheriff of the County of Alameda and to the Director of Corrections at the California Medical Facility, Vacaville, California

Pursuant to the aforesaid judgment, this is to command you, the said Sheriff, to deliver the above named defendant into the custody of the Director of Corrections at the California Medical Facility, Vacaville, California, at your earliest convenience.

Witness my hand and seal of said court January 4, 1985

Presented and Signed: January 16, 1985

RENE' C. DAVIDSON, County Clerk

(SEAL)

By [signature], Deputy

(see reverse side for Certification)

State of California,
County of Alameda, } SS.

I do hereby certify the foregoing to be a true and correct abstract of the judgment duly made and entered on the minutes of the Superior Court in the above entitled action as provided by Penal Code Section 1213.

Attest my hand and seal of the said Superior Court this

16th day of January, 1985.

(S E A L)

RENE' C. DAVIDSON,
County Clerk and ex officio Clerk of the Superior Court of the State of California in and for the County of Alameda.

[signature]
Judge of the Superior Court of the State of California in and for the County of Alameda

By [signature], Deputy.

DISTRIBUTION: Signed Original to Sheriff with PO report.
Duplicate filed.

# FELONY DISPOSITION SUMMARY

Northug

Alameda County District Attorney's Office

BRANCH: [X] SUPER. COURT [1] OAK. [2] BERK. [3] HAY. [4] ALA. [5] FRE [6] LIV.

| DEFENDANT | CASE NO. | DATE | DEPT. | JUDGE |
|---|---|---|---|---|
| Richard Conrad | 79351 | 11 V 984 | 9 | Golde |

DEFENSE ATTY. [X] PD — DDA Pelvin

## CONVICTED (6)

| CNT. | OFFENSE | LIO | 12022.5 | 12022.7 | 12022(B) | 667 |
|---|---|---|---|---|---|---|
| 1 | 187 2nd | X | X | X | X | X |

Enhancement columns: LIO, 1203.075, 1203.065, 12022.3(A), 12022.3(B), 12022.8, 667.6(B), 1203.085(A), 1203.085(B), 667.6(C), 1203.08(B), 12022(A), 12022(B), 12022.5, 12022.6(A), 12022.6(B), 12022.7, 1203.06, 1203.07, 1203.08, 1203.09, 190.1, 1168(SL), 1170(SL), 667

| PR. # | PRIOR CONVICTION | DATE | SENTENCE |
|---|---|---|---|
| [illegible] | | | |
| 2 | 211 2nd | 1-6-77 | probation |

## EVENT RESULT

- 74 [X] PLEAD GUILTY FELONY
- 75 PLEAD GUILTY MISDEMEANOR
- 76 JURY TRIAL ____ DAYS
- 77 COURT TRIAL ____ DAYS
- 104 FOUND 1026
- 141 FOUND NOT 1026

## NOT CONVICTED

| CNT. | OFFENSE |
|---|---|
| 2 | 211 PC |

Columns: 12022(A), 12022(B), 12022.5, 12022.6(A), 12022.6(B), 12022.7, 1203.06, 1203.07, 1203.08, 190.1, MISTRIAL, HUNG, NOT GLTY, 1118.1, CT. DISM., DA DISM., NGI

| PR. # | PRIOR CONVICTION | DATE | SENTENCE |
|---|---|---|---|
| · | 496 PC | 9-7-79 | State prison |

## DEFENSE INFORMATION (TRIAL ONLY)

1. ALIBI
2. SELF DEFENSE
3. DIMINISHED CAPACITY - REJECTED
4. DIMINISHED CAPACITY - ACCEPTED
5. LACK OF INTENT
6. ILLEGAL SEARCH
7. ENTRAPMENT
8. CONSENT
9. CONDUCT LAWFUL
10. DEFENDANT DID NOT TESTIFY
11. IMPEACH BY P.X.
12. IMPEACH BY POLICE STATEMENT
13. IMPEACH BY DEFENSE WITNESS
14. CHAIN OF EVIDENCE
15. FAULTY DESCRIPTION

## NO PLEA AGREEMENT

1. STATE PRISON IS MANDATORY. REASON:
2. STATE PRISON IS REQUIRED BY 1203(d) [ ] P.C., ABSENT UNUSUAL CIRCUMSTANCES.
3. STATE PRISON IS DISCRETIONARY.
4. NO STATE PRISON - MISDEMEANOR CONVICTION.

## PLEA AGREEMENT [X] INCLUDES OTHER CASE(S). (SPECIFY IN "ADDITIONAL AGREEMENT")

5. STATE PRISON - ISL
6. [X] STATE PRISON - AGREED TERM OF 22 years ~~MONTHS~~ (SEE BELOW)
7. STATE PRISON - TERM TO BE FIXED BY COURT.
8. STATE PRISON TO BE DETERMINED BY COURT.
9. NO STATE PRISON

## NEXT EVENT

- 11 [X] REPORT & SENTENCE
- 12 1026 TRIAL
- 13 190.1 TRIAL - SPECIAL CIRC.
- 14 190.1 TRIAL - PENALTY
- 10 TRIAL
- 5 SET/OTHER
- 26 1026 HEARING
- 27 APPEAL
- 28 APPEAL/FEDERAL
- 33 APPEAL/SUPREME COURT
- 34 APPEAL/DEFENSE
- 35 APPEAL/DCA
- 36 APPEAL/INTERLOCATORY

## FIXED TERM FACTORS

| FIXED TERM FACTORS | | | AGREED TERM (IN MOS.) | TO BE DETERMINED BY COURT |
|---|---|---|---|---|
| PRINCIPAL OFFENSE | COUNT | UPPER / MIDDLE / LOWER | | [ ] [ ] D.A. WILL SEEK AGGRAVATED TERM (SEE PROB. LETTER) |
| ENHANCEMENTS | SPECIFY | | | [ ] |
| PRIOR PRISON TERMS | 667.5 (a) PC | NO. | | [ ] |
| | 667.5 (b) PC | NO. | | [ ] |
| SUBORDINATE (CS) OFFENSES | VIOLENT FELONIES | CTS. | | [ ] |
| | OTHER FELONIES | CTS. | | [ ] |
| TOTAL FIXED TERM | | | | |

| NEXT DATE | DEPT. | TIME |
|---|---|---|
| 1/4/85 | 9 | |

ADDITIONAL AGREEMENT:

D's misd case in muni court (OMC) to be dismissed

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA** Dept. No. 9

Date: February 9, 2007 Hon. LARRY J. GOODMAN, Judge Fil R. Cruz, Deputy Clerk. Not Reported, Reporter

IN RE

RICHARD CORRAL
Petitioner

vs.

PEOPLE OF THE STATE OF CALIFORNIA
Respondent

Counsel appearing for Petitioner: No Appearance.

Counsel appearing for Respondent: No Appearance

Nature of Proceedings: **ORDER OF THE COURT REGARDING PETITION FOR WRIT OF HABEAS CORPUS**

**Case No. 79351A**
**PFN: AHY284**
**CEN: 4045901**

Petition for writ of habeas corpus is denied. The Petition fails to state a prima facie case for relief. The Apprendi/Blakely/Cunningham line of cases cited by Petitioner do not apply to his situation. Petitioner entered into a negotiated plea agreement. The Petitioner was fully advised of his rights and made a knowing and intelligent waiver of those rights. He was sentenced in accordance with the plea agreement. There was no due process violation.

**CLERK'S CERTIFICATE OF MAILING**

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served **ORDER OF THE COURT** by placing copies in envelopes addressed as shown below and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Richard Corral
CDC or ID Number C-99479
A-5-131L – Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960

Dated: February 13, 2007

By: ______________________
Fil R. Cruz, Deputy Clerk

| CDC NUMBER | ALPHA ID | NAME | TERM STARTS | ETHNIC |
|---|---|---|---|---|
| C-99479 | | CORRAL, Richard | 01-23-85 | MEXICAN |

| MAX. RELEASE DATE | MIN. RELEASE DATE | MIN. ADJ. RELEASE DATE GT CR LOST/AT LARGE/BAIL | PAROLE PERIOD |
|---|---|---|---|
| To Be Determined | ~~MEPD: 01-08-99~~ ~~4-14-99~~ | 2-13-99 | LIFE |

BASE TERM 15-00 + ENHANCEMENTS 07-00 = TOTAL TERM 22-Life + 2-00

GOOD TIME CREDITS AVAILABLE (2931 PC) (PC 640 BC 1919) = 2559

PRE PRISON CREDITS: CASE NO. ALA 79351A

HEARINGS:

Init: ~~12-97~~ ~~12/98~~ ~~12/98~~ #2

Doc. : ~~01-92~~ #1 ~~12/91~~ 12/99

| | |
|---|---|
| 2900.5 PC | 240 |
| 1202.03 PC | |
| 2900.1 PC | |
| CRC | |
| Mental Health | |
| 4019 PC | 120 |
| 2931 PC | |
| Post Sentence | 18 |

TOTAL PRE PRISON CREDITS (DAYS) 378

REGISTRATION REQUIRED PER ______

| DATE REC'D | CO. CASE NO. | CT. | CODE & OFFENSE | TYPE WPN. | DATE OF OFFENSE | SENTENCE DATE |
|---|---|---|---|---|---|---|
| CONTROLLING PRINCIPAL AND CONSECUTIVE (INCLUDING ENHANCEMENT) OFFENSE(S): | | | | | | |
| 01-23-85 | ALA79351A | 01 | P187 Murder 2nd | | 05-06-84 | 01-04-85 |
| | 01 P667.5 PPT | | 15-Life | | | |
| | 01 P667a PFC | | P12022(b) Use of Deadly Weapon | Bottle | | |
| * 08-16-90 | Del Norte 90-091-X | 01 | P4502 Poss Wpn. (CS) | | 03-09-90 | 08-16-90 |

* Term commences upon completion of ALA79351A per In re Thompson.

Investigating Agency: Oakland Police Department
Defense Attorney: William Keep

NAME CORRAL, C-99479 LPU 03-28-85 PF:cbv

CDC 188C (1/81)

# EXHIBIT F

# CALIFORNIA APPELLATE COURTS

Case Information

Supreme Court
Welcome
Search
E-mail
Calendar
Help
Opinions

C|C home

## Supreme Court

Change court

Court data last updated: 03/19/2008 12:53 PM

Case Summary Docket Briefs
Disposition Parties and Attorneys Lower Court

## Docket (Register of Actions)

**CORRAL (RICHARD) ON H.C.**
**Case Number S151883**

| Date | Description | Notes |
|---|---|---|
| 04/17/2007 | Petition for writ of habeas corpus filed | Richard Corral, Petitioner in Pro Per |
| 08/29/2007 | Petition for writ of habeas corpus denied | |

**Click here to request automatic e-mail notifications about this case.**

©2007 Judicial Council of California

MC-275

Name RICHARD CORRAL

Address A-5-101L SALINAS VALLEY STATE PRISON

P.O. BOX 1050

SOLEDAD, CA. 93960

CDC or ID Number C-99479

SUPREME COURT
FILED

APR 17 2007

Frederick K. Ohlrich Clerk

Deputy

SUPREME COURT OF THE STATE OF CALIFORNIA
(Court)

RICHARD CORRAL
Petitioner

vs.

M.S. EVANS - WARDEN
Respondent

PETITION FOR WRIT OF HABEAS CORPUS

No. S151883
(To be supplied by the Clerk of the Court)

EVIDENTUARY HEARING REQUESTED

## INSTRUCTIONS—READ CAREFULLY

- **If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.**
- **If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.**

- Read the entire form *before* answering any questions.
- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.
- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."
- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.
- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.
- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.
- Notify the Clerk of the Court in writing if you change your address after filing your petition.
- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rule 60 of the California Rules of Court [as amended effective January 1, 2005]. Subsequent amendments to Rule 60 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Form Approved by the Judicial Council of California MC-275 [Rev. July 1, 2005]

PETITION FOR WRIT OF HABEAS CORPUS

Penal Code, § 1473 et seq.; Cal. Rules of Court, rule 60(a)

American LegalNet, Inc. www.USCourtForms.com

☐ A conviction ☐ Parole

☒ A sentence ☐ Credits

☐ Jail or prison conditions ☐ Prison discipline

☐ Other (specify): ______

1. Your name: RICHARD CORRAL

2. Where are you incarcerated? SALINAS VALLEY STATE PRISON

3. Why are you in custody? ☒ Criminal Conviction ☐ Civil Commitment

*Answer subdivisions a. through i. to the best of your ability.*

a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

2Nd DEGREE MURDER

b. Penal or other code sections: 187

c. Name and location of sentencing or committing court: SUPERIOR COURT OF ALAMEDA COUNTY CALIFORNIA

d. Case number: 79351

e. Date convicted or committed: NOVEMBER 19, 1984

f. Date sentenced: NOVEMBER 19, 1984

g. Length of sentence: 15 YEARS TO LIFE PLUS 7 YEARS

h. When do you expect to be released? N/A

i. Were you represented by counsel in the trial court? ☒ Yes. ☐ No. If yes, state the attorney's name and address:

William KEEP OFFICE OF THE PUBLIC DEFENDER

4. What was the LAST plea you entered? (check one)

☐ Not guilty ☒ Guilty ☐ Nolo Contendere ☐ Other: ______

5. If you pleaded not guilty, what kind of trial did you have?

☐ Jury ☐ Judge without a jury ☐ Submitted on transcript ☐ Awaiting trial

COPIE' AT STATE

6. GROUNDS FOR RELIEF

**Ground 1:** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

INVALIDATED SENTENCE
CUNNINGHAM V. CALIFORNIA CONTROLLING CITING.

a. Supporting facts:
Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at what time *(when)* or place *(where)*. *(If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

PETITIONER CONTENDS THAT HE WAS PRESENTED AND SIGNED A PLEA AGREEMENT FOR 15 YEARS NO LIFE.
HOWEVER, THOUGH AT THE TIME IT WAS LEGAL TO DO SO, HIS HONOR STANLEY P. GOLDE ADDED LIFE TO THE 15 YEARS AND ALSO ADDED A TOTAL OF 7 YEARS FOR AGREVATING CIRCUMSTANCES UNDER CALIFORNIAS DETERMINATE SENTENCING LAW OF 1977 [DSL].
ON JANUARY 22, 2007 THE UNITED STATES SUPREME COURT DECIDED IN CUNNINGHAM V. CALIFORNIA THAT THE DSL VIOLATES THE SIXTH AND FOURTEENTH AMENDMENTS RIGHT TO A JURY TRIAL AND DUE PROCESS.
THUS PETITIONER NOW PETITIONS THIS HONORABLE COURT TO CORRECT THIS NEWLY DISCOVERED ERROR BY REMANDING PETITIONER BACK TO THE SUPERIOR COURT OF ALAMEDA COUNTY CALIFORNIA FOR RETRIAL AND RESENTENCING UNDER THE PRESENT SENTENCING GUIDLINES.

b. Supporting cases, rules, or other authority (optional):
*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

CUNNINGHAM V. CALIFORNIA (2007) 05-6551
MATAMOROS V. CALIFORNIA (2007) 05-10830
U.S. V. BOOKER (2005) 543 U.S. 220, 243-44, 125 S.CT. 2531
APPRENDI V. NEW JERSEY (2000) 530 U.S. 466, 490, 120 S.CT. 2348

7. **Ground 2 or Ground** ______ *(if applicable):*

a. Supporting facts:

b. Supporting cases, rules, or other authority:

8. Did you appeal from the conviction, sentence, or commitment? [X] Yes. [ ] No. If yes, give the following information:
   a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"): FIRST DISTRICT COURT OF APPEALS
   b. Result AFFIRMED c. Date of decision: ?
   d. Case number or citation of opinion, if known: ?
   e. Issues raised: (1) INEFFECTIVE ASSISTANCE OF COUNSEL
   (2)
   (3)
   f. Were you represented by counsel on appeal? [X] Yes. [ ] No. If yes, state the attorney's name and address, if known:
   APPELLATE DEFENDERS OFFICE OF ALAMEDA COUNTY

9. Did you seek review in the California Supreme Court? [ ] Yes [X] No. If yes, give the following information:
   a. Result b. Date of decision:
   c. Case number or citation of opinion, if known:
   d. Issues raised: (1)
   (2)
   (3)

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:
   NEWLY DISCOVERED/CREATED CLAIM

11. Administrative Review:
   a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:
   N/A
   b. Did you seek the highest level of administrative review available? [X] Yes. [ ] No.
   *Attach documents that show you have exhausted your administrative remedies.*

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court? [X] Yes. If yes, continue with number 13. [ ] No. If no, skip to number 15.

13. a. (1) Name of court: SUPERIOR COURT OF ALAMEDA COUNTY CALIFORNIA

(2) Nature of proceeding (for example, "habeas corpus petition"): HABEAS CORPUS

(3) Issues raised: (a) INVALIDATED SENTENCE

(b) 6TH AMENDMENT VIOLATION

(4) Result *(Attach order or explain why unavailable):* DENIED

(5) Date of decision: 2-9-07

b. (1) Name of court: FIRST DISTRICT COURT OF APPEAL

(2) Nature of proceeding: HABEAS CORPUS

(3) Issues raised: (a) INVALIDATED SENTENCE

(b) 6TH AMENDMENT VIOLATION

(4) Result *(Attach order or explain why unavailable):* DENIED

(5) Date of decision: 3-8-07

c. *For additional prior petitions, applications, or motions, provide the same information on a separate page.*

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

ORDER OF THE COURT REGARDING WRIT OF HABEAS CORPUS PEN AHY 284

CEN. 4045901 - DENIED

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.)

NO DELAY

16. Are you presently represented by counsel? [ ] Yes. [X] No. If yes, state the attorney's name and address, if known:

17. Do you have any petition, appeal, or other matter pending in any court? [ ] Yes. [X] No. If yes, explain:

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

DENIED BY LOWER COURTS

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: ▶ ______________________
(SIGNATURE OF PETITIONER)

# EXHIBIT G

CALIFORNIA STATE ARCHIVES
SECRETARY OF STATE

# CALIFORNIA VOTERS PAMPHLET

## GENERAL ELECTION NOVEMBER 7, 1978

COMPILED BY MARCH FONG EU · SECRETARY OF STATE
ANALYSES BY WILLIAM G. HAMM · LEGISLATIVE ANALYST

**AVISO**

Una traducción al español de este folleto del votante puede obtenerse si completa y nos envía la tarjeta con porte pagado que encontrará entre las páginas 24 y 25. Escriba su nombre y dirección en la tarjeta en LETRA DE MOLDE y regrésela a más tardar el 27 de octubre de 1978.

**NOTICE**

A Spanish translation of this ballot pamphlet may be obtained by completing and returning the postage-paid card which you will find between pages 24 and 25. Please PRINT your name and mailing address on the card and return it no later than October 27, 1978.



# Secretary of State

SACRAMENTO 95814

Estimados Californianos:

Esta es la versión en inglés del folleto del votante de California para la Elección General de noviembre de 1978. Contiene el título de la balota, un corto resumen, el análisis del Analista Legislativo, los razonamientos a favor y en contra y las refutaciones, y el texto completo de cada proposición; y también contiene el voto legislativo vertido a favor y en contra de toda medida propuesta por la Legislatura.

Si desea recibir un folleto del votante en español, simplemente complete y envíe la tarjeta adjunta entre las páginas 24 y 25. No se necesitan estampillas.

Lea cuidadosamente cada una de las medidas y la información respecto a las mismas contenidas en este folleto. Las proposiciones legislativas y las iniciativas patrocinadas por ciudadanos están diseñadas específicamente para darle a Ud., el votante, la oportunidad de influir las leyes que nos gobiernan a todos.

Aproveche esta oportunidad y vote el 7 de noviembre de 1978.

SECRETARIA DEL ESTADO



# Secretary of State

SACRAMENTO 95814

Dear Californians:

This is the English version of the California ballot pamphlet for the November, 1978, General Election. It contains the ballot title, short summary, the Legislative Analyst's analysis, the pro and con arguments and rebuttals, and the complete text of each proposition; also it contains the legislative vote cast for and against any measure proposed by the Legislature.

If you wish to receive a Spanish language ballot pamphlet simply fill out and mail the card enclosed between pages 24 and 25. No postage is needed.

Read carefully each of the measures and the information about them contained in this pamphlet. Legislative propositions and citizen-sponsored initiatives are designed specifically to give you, the electorate, the opportunity to influence the laws which regulate us all.

Take advantage of this opportunity and vote on November 7, 1978.

SECRETARY OF STATE

# TABLE OF CONTENTS

| Proposition | | Page |
|---|---|---|
| | BOND ACT | |
| 1 | Veterans Bond Act of 1978 | 8–11, 38 |
| | LEGISLATIVE CONSTITUTIONAL AMENDMENTS | |
| 2 | Public Utilities Commission | 12–15 |
| 3 | State Surplus Coastal Property | 16–19 |
| | LEGISLATIVE INITIATIVE AMENDMENT | |
| 4 | Chiropractic School Accreditation and License Revocation | 20–23, 38–39 |
| | INITIATIVE STATUTES | |
| 5 | Regulation of Smoking | 24–27, 39–41 |
| 6 | School Employees—Homosexuality | 28–31, 41 |
| 7 | Murder—Penalty | 32–35, 41–46 |
| | LEGISLATIVE CONSTITUTIONAL AMENDMENT | |
| 8 | Property Taxation | 36–37 |

 # Murder. Penalty—Initiative Statute

## Official Title and Summary Prepared by the Attorney General

**MURDER. PENALTY. INITIATIVE STATUTE.** Changes and expands categories of first degree murder for which penalties of death or confinement without possibility of parole may be imposed. Changes minimum sentence for first degree murder from life to 25 years to life. Increases penalty for second degree murder. Prohibits parole of convicted murderers before service of 25 or 15 year terms, subject to good-time credit. During punishment stage of cases in which death penalty is authorized: permits consideration of all felony convictions of defendant; requires court to impanel new jury if first jury is unable to reach a unanimous verdict on punishment. Financial impact: Indeterminable future increase in state costs.

## Analysis by Legislative Analyst

**Background:**

Under existing law, a person convicted of *first degree murder* can be punished in one of three ways: (1) by death, (2) by a sentence of life in prison without the possibility of parole, or (3) by a life sentence with the possibility of parole, in which case the individual would become eligible for parole after serving seven years. A person convicted of *second degree murder* can be sentenced to 5, 6, or 7 years in prison. Up to one-third of a prison sentence may be reduced through good behavior. Thus, a person sentenced to 6 years in prison may be eligible for parole after serving 4 years.

Generally speaking, the law requires a sentence of death *or* life without the possibility of parole when an individual is convicted of first degree murder under one or more of the following special circumstances: (1) the murderer was hired to commit the murder; (2) the murder was committed with explosive devices; (3) the murder involved the killing of a specified peace officer or witness; (4) the murder was committed during the commission or attempted commission of a robbery, kidnapping, forceable rape, a lewd or lascivious act with a child, or first degree burglary; (5) the murder involved the torture of the victim; or (6) the murderer has been convicted of more than one offense of murder in the first or second degree. If any of these special circumstances is found to exist, the judge or jury must "take into account and be guided by" aggravating or mitigating factors in sentencing the convicted person to either death or life in prison without the possibility of parole. "Aggravating" factors which might warrant a death sentence include brutal treatment of the murder victim. "Mitigating" factors, which might warrant life imprisonment, include extreme mental or emotional disturbance when the murder occurred.

**Proposal:**

This proposition would: (1) increase the penalties for first and second degree murder, (2) expand the list of special circumstances requiring a sentence of either death or life imprisonment without the possibility of parole, and (3) revise existing law relating to mitigating or aggravating circumstances.

The measure provides that individuals convicted of first degree murder and sentenced to life imprisonment shall serve a minimum of 25 years, less whatever credit for good behavior they have earned, before they can be eligible for parole. Accordingly, anyone sentenced to life imprisonment would have to serve at least 16 years and eight months. The penalty for second degree murder would be increased to 15 years to life imprisonment. A person sentenced to 15 years would have to serve at least 10 years before becoming eligible for parole.

The proposition would also expand and modify the list of special circumstances which require either the death penalty or life without the possibility of parole. As revised by the measure, the list of special circumstances would, generally speaking, include the following: (1) murder for any financial gain; (2) murder involving concealed explosives or explosives that are mailed or delivered; (3) murder committed for purposes of preventing arrest or aiding escape from custody; (4) murder of any peace officer, federal law enforcement officer, fireman, witness, prosecutor, judge, or elected or appointed official with respect to the performance of such person's duties; (5) murder involving particularly heinous, atrocious, or cruel actions; (6) killing a victim while lying in wait; (7) murder committed during or while fleeing from the commission or attempted commission of robbery, kidnapping, specified sex crimes (including those sex crimes that now represent "special circumstances"), burglary, arson, and trainwrecking; (8) murder in which the victim is tortured or poisoned; (9) murder based on the victim's race, religion, nationality, or country of origin; or (10) the murderer has been convicted of more than one offense of murder in the first or second degree.

Also, this proposition would specifically make persons involved in the crime other than the actual murderer subject to the death penalty or life imprisonment without possibility of parole under specified circumstances.

Finally, the proposition would make the death sentence *mandatory* if the judge or jury determines that the aggravating circumstances surrounding the crime *outweigh* the mitigating circumstances. If aggravating circumstances are found *not* to outweigh mitigating circumstances, the proposition would require a life sentence without the possibility of parole. Prior to weighing the aggravating and mitigating factors, the jury

would have to be informed that life without the possibility of parole might at a later date be subject to commutation or modification, thereby allowing parole.

**Fiscal Effect:**

We estimate that, over time, this measure would increase the number of persons in California prisons, and thereby increase the cost to the state of operating the prison system.

The increase in the prison population would result from:

- the longer prison sentences required for first degree murder (a minimum period of imprisonment equal to 16 years, eight months, rather than seven years);
- the longer prison sentences required for second degree murder (a minimum of ten years, rather than four years); and
- an increase in the number of persons sentenced to life without the possibility of parole.

There could also be an increase in the number of executions as a result of this proposition, offsetting part of the increase in the prison population. However, the number of persons executed as a result of this measure would be significantly less than the number required to serve longer terms.

The Department of Corrections states that a small number of inmates can be added to the prison system at a cost of $2,575 per inmate per year. The additional costs resulting from this measure would not begin until 1983. This is because the longer terms would only apply to crimes committed after the proposition became effective, and it would be four years before any person served the minimum period of imprisonment required of second degree murderers under existing law.

## Text of Proposed Law

This initiative measure proposes to repeal and add sections of the Penal Code; therefore, existing provisions proposed to be deleted are printed in ~~strikeout type~~ and new provisions proposed to be added are printed in *italic type* to indicate that they are new.

### PROPOSED LAW

Section 1. Section 190 of the Penal Code is repealed.

~~190. Every person guilty of murder in the first degree shall suffer death, confinement in state prison for life without possibility of parole, or confinement in state prison for life. The penalty to be applied shall be determined as provided in Sections 190.1, 190.2, 190.3, 190.4, and 190.5. Every person guilty of murder in the second degree is punishable by imprisonment in the state prison for five, six, or seven years.~~

Sec. 2. Section 190 is added to the Penal Code, to read:

*190. Every person guilty of murder in the first degree shall suffer death, confinement in state prison for life without possibility of parole, or confinement in the state prison for a term of 25 years to life. The penalty to be applied shall be determined as provided in Sections 190.1, 190.2, 190.3, 190.4, and 190.5.*

*Every person guilty of murder in the second degree shall suffer confinement in the state prison for a term of 15 years to life.*

*The provisions of Article 2.5 (commencing with Section 2930) of Chapter 7 of Title 1 of Part 3 of the Penal Code shall apply to reduce any minimum term of 25 or 15 years in a state prison imposed pursuant to this section, but such person shall not otherwise be released on parole prior to such time.*

Sec. 3. Section 190.1 of the Penal Code is repealed.

~~190.1. A case in which the death penalty may be imposed pursuant to this chapter shall be tried in separate phases as follows:~~

~~(a) The defendant's guilt shall first be determined. If the trier of fact finds the defendant guilty of first degree murder, it shall at the same time determine the truth of all special circumstances charged as enumerated in Section 190.2, except for a special circumstance charged pursuant to paragraph (5) of subdivision (c) of Section 190.2 where it is alleged that the defendant had been convicted in a prior proceeding of the offense of murder of the first or second degree.~~

~~(b) If the defendant is found guilty of first degree murder and one of the special circumstances is charged pursuant to paragraph (5) of subdivision (c) of Section 190.2 which charges that the defendant had been convicted in a prior proceeding of the offense of murder of the first or second degree, there shall thereupon be further proceedings on the question of the truth of such special circumstance.~~

~~(c) If the defendant is found guilty of first degree murder and one or more special circumstances as enumerated in Section 190.2 has been charged and found to be true, his sanity on any plea of not guilty by reason of insanity under Section 1026 shall be determined as provided in Section 190.4. If he is found to be sane, there shall thereupon be further proceedings on the question of the penalty to be imposed. Such proceedings shall be conducted in accordance with the provisions of Sections 190.3 and 190.4.~~

Sec. 4. Section 190.1 is added to the Penal Code, to read:

*190.1. A case in which the death penalty may be imposed pursuant to this chapter shall be tried in separate phases as follows:*

*(a) The question of the defendant's guilt shall be first determined. If the trier of fact finds the defendant guilty of first degree murder, it shall at the same time determine the truth of all special circumstances charged as enumerated in Section 190.2 except for a special circumstance charged pursuant to paragraph (2) of subdivision (a) of Section 190.2 where it is alleged that the defendant had been convicted in a prior proceeding of the offense of murder in the first or second degree.*

*(b) If the defendant is found guilty of first degree murder and one of the special circumstances is charged pursuant to paragraph (2) of subdivision (a) of Section 190.2 which charges that the defendant had been convicted in a prior proceeding of the offense of murder of the first or second degree, there shall thereupon be further proceedings on the question of the truth of such special circumstance.*

*(c) If the defendant is found guilty of first degree murder and one or more special circumstances as enumerated in Section 190.2 has been charged and found to be true, his sanity on any plea of not guilty by reason of insanity under Section 1026 shall be determined as provided in Section 190.4. If he is*

*Continued on page 41*

# 7 Murder. Penalty—Initiative Statute

## Argument in Favor of Proposition 7

CHARLES MANSON, SIRHAN SIRHAN, THE ZODIAC KILLER, THE SKID-ROW SLASHER, THE HILLSIDE STRANGLER.

These infamous names have become far too familiar to every Californian. They represent only a small portion of the deadly plague of violent crime which terrorizes law-abiding citizens.

Since 1972, the people have been demanding a tough, effective death penalty law to protect our families from ruthless killers. But, every effort to enact such a law has been thwarted by powerful anti-death penalty politicians in the State Legislature.

In August of 1977, when the public outcry for a capital punishment law became too loud to ignore, the anti-death penalty politicians used their influence to make sure that the death penalty law passed by the State Legislature was as weak and ineffective as possible.

That is why 470,000 concerned citizens signed petitions to give you the opportunity to vote on this new, tough death penalty law.

Even if the President of the United States were assassinated in California, his killer would not receive the death penalty in some circumstances. Why? Because the Legislature's weak death penalty law does not apply. Proposition 7 would.

If Charles Manson were to order his family of drug-crazed killers to slaughter your family, Manson would not receive the death penalty. Why? Because the Legislature's death penalty law does not apply to the master mind of a murder such as Manson. Proposition 7 would.

And, if you were to be killed on your way home tonight simply because the murderer was high on dope and wanted the thrill, that criminal would not receive the death penalty. Why? Because the Legislature's weak death penalty law does not apply to every murderer. Proposition 7 would.

Proposition 7 would also apply to the killer of a judge, a prosecutor, or a fireman. It would apply to a killer who murders a citizen in cold blood because of his race or religion or nationality. And, it would apply to all situations which are covered by our current death penalty law.

In short, your YES vote on Proposition 7 will give every Californian the protection of the nation's toughest, most effective death penalty law.

A long and distinguished list of judges and law enforcement officials have agreed that Proposition 7 will provide them with a powerful weapon of deterrence in their war on violent crime.

Your YES vote on Proposition 7 will help law enforcement officials to stop violent crime—NOW.

JOHN V. BRIGGS
*Senator, State of California*
*35th District*

DONALD H. HELLER
*Attorney at Law*
*Former Federal Prosecutor*

DUANE LOWE
*President, California Sheriffs' Association*
*Sheriff of Sacramento County*

## Rebuttal to Argument in Favor of Proposition 7

The argument for Proposition 7 is strictly false advertising.

- It would not affect the Charles Manson and Sirhan Sirhan cases. They were sentenced under an old law, thrown out by the courts because it was improperly written.
- As for the "zodiac killer", "hillside strangler" and "skid-row slasher", *they were never caught.* Even the nation's "toughest" death penalty law cannot substitute for the law enforcement work necessary to apprehend suspects still on the loose.

But you already know that.

Regardless of the proponents' claim, no death penalty law—neither Proposition 7 nor the current California law—can guarantee the *automatic* execution of all convicted murderers, let alone suspects not yet apprehended.

California has a strong death penalty law. Two-thirds of the Legislature approved it in August, 1977, after months of careful drafting and persuasive lobbying by law enforcement officials and other death penalty advocates.

The present law is *not* "weak and ineffective" as claimed by Proposition 7 proponents. It applies to murder cases like the ones cited.

Whether or not you believe that a death penalty law is necessary to our system of justice, you should vote NO on Proposition 7. It is so confusing that the courts may well throw it out. Your vote on the murder penalty initiative will not be a vote on the death penalty; it will be a vote on a carelessly drafted, dangerously vague and possibly invalid statute.

Don't be fooled by false advertising. READ Proposition 7. VOTE NO.

MAXINE SINGER
*President, California Probation, Parole and Correctional Association*

NATHANIEL S. COLLEY
*Board Member, National Association for the Advancement of Colored People*

JOHN PAIRMAN BROWN
*Board Member, California Church Council*

Arguments printed on this page are the opinions of the authors and have not been checked for accuracy by any official agency.

# Murder. Penalty—Initiative Statute

## Argument Against Proposition 7

DON'T BE FOOLED BY FALSE ADVERTISING. The question you are voting on is NOT whether California should have the death penalty. California ALREADY has the death penalty.

The question is NOT whether California should have a tough, effective death penalty. California ALREADY has the death penalty for more different kinds of crimes than any other State in the country.

The question you are voting on is whether to repeal California's present death-penalty law and replace it with a new one. Don't be fooled by false advertising. If somebody tried to sell you a new car, you'd compare it with your present automobile before paying a higher price for a worse machine.

Whether or not you agree with California's present law, it was written carefully by people who believed in the death penalty and wanted to see it used effectively. It was supported by law enforcement officials familiar with criminal law.

The new law proposed by Proposition 7 is written carelessly and creates problems instead of solving them. For example, it does not even say what happens to people charged with murder under the present law if the new one goes into effect.

As another example, it first says that "aggravating circumstances" must outweigh "mitigating circumstances" to support a death sentence. Then it says that mitigating circumstances" must outweigh "aggravating circumstances" to support a life sentence. This leaves the burden of proof unclear. As a result, court processes would become even more complicated.

Proposition 7 does allow the death penalty in more cases than present law. But what cases?

Under Proposition 7, a man or woman could be sentenced to die for lending another person a screwdriver to use in a burglary, if the other person accidentally killed someone during the burglary. Even if the man or woman was not present during the burglary, had no intention that anyone be killed or hurt, in fact urged the burglar not to take a weapon along, they could still be sentenced to die.

This is the kind of law that wastes taxpayers' money by putting counties to the expense of capital trials in many cases where the death penalty is completely inappropriate. To add to the waste, Proposition 7 requires two or more jury trials in some cases where present law requires only one.

Don't let yourself be fooled by claims that Proposition 7 will give California a more effective penalty for murder. It won't. DON'T BE FOOLED BY FALSE ADVERTISING. Vote NO on Proposition 7.

**MAXINE SINGER**
*President, California Probation, Parole and Correctional Association*

**NATHANIEL S. COLLEY**
*Board Member, National Association for the Advancement of Colored People*

**JOHN PAIRMAN BROWN**
*Board Member, California Church Council*

## Rebuttal to Argument Against Proposition 7

ALRIGHT, LET'S TALK ABOUT FALSE ADVERTISING.

The opposition maintains if someone were to lend a screwdriver to his neighbor and the neighbor used it to commit a murder, the poor lender could get the death penalty, even though "he had NO INTENTION that anyone be killed."

Please turn back and read Section 6b of the Proposition 7. It says that the person must have INTENTIONALLY aided in the commission of a murder to be subject to the death penalty under this initiative.

They say that Proposition 7 doesn't specify what happens to those who have been charged with murder under the old law. Any first-year law student could have told them Proposition 7 will not be applied retroactively. Anyone arrested under an *old* law will be tried and sentenced under the *old* law.

The opposition can't understand why we included the aggravating vs. mitigating circumstances provision in Proposition 7. Well, that same first-year law student could have told them this provision is required by the U.S. Supreme Court. The old law does not meet this requirement and might be declared unconstitutional, leaving us with no death penalty at all!

If we are to turn back the rising tide of violent crime that threatens each and every one of us, we must act NOW.

This citizen's initiative will give your family the protection of the strongest, most effective death penalty law in the nation.

**JOHN V. BRIGGS**
*Senator, State of California*
*35th District*

**DONALD H. HELLER**
*Attorney at Law*
*Former Federal Prosecutor*

**DUANE LOWE**
*President, California Sheriffs' Association*
*Sheriff of Sacramento County*

Arguments printed on this page are the opinions of the authors and have not been checked for accuracy by any official agency.

*(g) "Fully Enclosed" means closed in by a ceiling or roof and by walls on all sides.*

*(h) "Health Facility" has the meaning set forth in Section 1250 of the Health and Safety Code, whether operated by a public or private entity.*

*(i) "Place of Employment" means any area under the control of a public or private employer which employees normally frequent during the course of employment but to which members of the public are not normally invited, including, but not limited to, work areas, employee lounges, restrooms, meeting rooms, and employee cafeterias. A private residence is not a "place of employment."*

*(j) "Polling Place" means the entire room, hall, garage, or other facility in which persons cast ballots in an election, but only during such time as election business is being conducted.*

*(k) "Private Hospital Room" means a room in a health facility containing one bed for patients of such facility.*

*(l) "Public Place" means any area to which the public is invited or in which the public is permitted or which serves as a place of volunteer service. A private residence is not a "public place." Without limiting the generality of the foregoing, "public place" includes:*

*(i) arenas, auditoriums, galleries, museums, and theaters;*

*(ii) business establishments dealing in goods or services to which the public is invited or in which the public is permitted:*

*(iii) instrumentalities of public transportation while operating within the boundaries of the State of California;*

*(iv) facilities or offices of physicians, dentists, and other persons licensed to practice any of the healing arts regulated under Division 2 of the Business and Professions Code;*

*(v) elevators in commercial, governmental, office, and residential buildings;*

*(vi) public restrooms;*

*(vii) jury rooms and juror waiting rooms;*

*(viii) polling places;*

*(ix) courtesy vehicles.*

*(m) "Restaurant" has the meaning set forth in Section 28522 of the Health and Safety Code except that the term "restaurant" does not include an employee cafeteria or a tavern or cocktail lounge if such tavern or cocktail lounge is a "bar" pursuant to Section 25939(a).*

*(n) "Retail Tobacco Store" means a retail store used primarily for the sale of smoking products and smoking accessories and in which the sale of other products is incidental. "Retail tobacco store" does not include a tobacco department of a retail store commonly known as a department store.*

*(o) "Rock Concert" means a live musical performance commonly known as a rock concert and at which the musicians use sound amplifiers.*

*(p) "Semi-Private Hospital Room" means a room in a health facility containing two beds for patients of such facility.*

*(q) "Smoking" means and includes the carrying or holding of a lighted cigarette, cigar, pipe, or any other lighted smoking equipment used for the practice commonly known as smoking, or the intentional inhalation or exhalation of smoke from any such lighted smoking equipment."*

SECTION 2: Severability

If any provision of Chapter 10.7 of the Health and Safety Code or the application thereof to any person or circumstance is held invalid, any such invalidity shall not affect other provisions or applications of said Chapter which can be given effect without the invalid provision or application, and to this end, the provisions of said Chapter are severable.

SECTION 3: Effective Date

Chapter 10.7 of the Health and Safety Code becomes effective 90 days after approval by the electorate.

---

**TEXT OF PROPOSITION 6—*Continued from page 29***

*truth of the charges upon which a finding of probable cause was based and whether such charges, if found to be true, render the employee unfit for service. This hearing shall be held in private session in accordance with Govt. Code § 54957, unless the employee requests a public hearing. The governing board's decision as to whether the employee is unfit for service shall be made within thirty (30) working days after the conclusion of this hearing. A decision that the employee is unfit for service shall be determined by not less than a simple majority vote of the entire board. The written decision shall include findings of fact and conclusions of law.*

*(f) Factors to be considered by the board in evaluating the charges of public homosexual activity or public homosexual conduct in question and in determining unfitness for service shall include, but not be limited to: (1) the likelihood that the activity or conduct may adversely affect students or other employees; (2) the proximity or remoteness in time or location of the conduct to the employee's responsibilities; (3) the extenuating or aggravating circumstances which, in the judgment of the board, must be examined in weighing the evidence; and (4) whether the conduct included acts, words or deeds, of a continuing or comprehensive nature which would tend to encourage, promote, or dispose schoolchildren toward private or public homosexual activity or private or public homosexual conduct.*

*(g) If, by a preponderance of the evidence, the employee is found to have engaged in public homosexual activity or public homosexual conduct which renders the employee unfit for service, the employee shall be dismissed from employment. The decision of the governing board shall be subject to judicial review.*

SECTION 4. Severability Clause

If any provision of this enactment or the application thereof to any person or circumstances is held invalid, such invalidity shall not affect other provisions or application of this enactment which can be given effect without the invalid provision of application, and to this end the provisions of this enactment are severable.

---

**TEXT OF PROPOSITION 7—*Continued from page 33***

*found to be sane, there shall thereupon be further proceedings on the question of the penalty to be imposed. Such proceedings shall be conducted in accordance with the provisions of Section 190.3 and 190.4.*

Sec. 5. Section 190.2 of the Penal Code is repealed.

~~**190.2. The penalty for a defendant found guilty of murder in the first degree shall be death or confinement in the state prison for life without possibility of parole in any case in which one or more of the following special circumstances has been charged and specially found, in a proceeding under Section 190.4, to be true:**~~

~~**(a) The murder was intentional and was carried out pursuant to agreement by the person who committed the murder to accept a valuable consideration for the act of murder from any person other than the victim;**~~

~~**(b) The defendant, with the intent to cause death, physi-**~~

~~cally aided or committed such act or acts causing death, and the murder was willful, deliberate, and premeditated, and was perpetrated by means of a destructive device or explo/ sive;~~

~~(c) The defendant was personally present during the com/ mission of the act or acts causing death, and with intent to cause death physically aided or committed such act or acts causing death and any of the following additional circum/ stances exists:~~

~~(1) The victim is a peace officer as defined in Section 830.1, subdivision (a) or (b) of Section 830.2, subdivision (a) or (b) of Section 830.3, or subdivision (b) of Section 830.5, who, while engaged in the performance of his duty was intentionally killed, and the defendant knew or reasonably should have known that such victim was a peace officer engaged in the performance of his duties.~~

~~(2) The murder was willful, deliberate, and premeditated; the victim was a witness to a crime who was intentionally killed for the purpose of preventing his testimony in any criminal proceeding; and the killing was not committed dur/ ing the commission or attempted commission of the crime to which he was a witness.~~

~~(3) The murder was willful, deliberate, and premeditated and was committed during the commission or attempted commission of any of the following crimes:~~

~~(i) Robbery in violation of Section 211;~~

~~(ii) Kidnapping in violation of Section 207 or 209. Brief movements of a victim which are merely incidental to the commission of another offense and which do not substantially increase the victim's risk of harm over that necessarily inher/ ent in the other offense do not constitute a violation of Section 209 within the meaning of this paragraph.~~

~~(iii) Rape by force or violence in violation of subdivision (2) of Section 261, or by threat of great and immediate bodily harm in violation of subdivision (3) of Section 261;~~

~~(iv) The performance of a lewd or lascivious act upon the person of a child under the age of 14 years in violation of Section 288;~~

~~(v) Burglary in violation of subdivision (1) of Section 460 of an inhabited dwelling house with an intent to commit grand or petit larceny or rape.~~

~~(4) The murder was willful, deliberate, and premeditated, and involved the infliction of torture. For purposes of this section, torture requires proof of an intent to inflict extreme and prolonged pain.~~

~~(5) The defendant has in this proceeding been convicted of more than one offense of murder of the first or second degree, or has been convicted in a prior proceeding of the offense of murder of the first or second degree. For the pur/ pose of this paragraph an offense committed in another juris/ diction which if committed in California would be punishable as first or second degree murder shall be deemed to be mur/ der in the first or second degree.~~

~~(d) For the purposes of subdivision (c), the defendant shall be deemed to have physically aided in the act or acts causing death only if it is proved beyond a reasonable doubt that his conduct constitutes an assault or a battery upon the victim or if by word or conduct he orders, initiates, or coerces the actual killing of the victim.~~

Sec. 6. Section 190.2 is added to the Penal Code, to read:

*190.2. (a) The penalty for a defendant found guilty of murder in the first degree shall be death or confinement in state prison for a term of life without the possibility of parole in any case in which one or more of the following special circumstances has been charged and specially found under Section 190.4, to be true:*

*(1) The murder was intentional and carried out for financial gain.*

*(2) The defendant was previously convicted of murder in the first degree or second degree. For the purpose of this paragraph an offense committed in another jurisdiction which if committed in California would be punishable as first or second degree murder shall be deemed murder in the first or second degree.*

*(3) The defendant has in this proceeding been convicted of more than one offense of murder in the first or second degree.*

*(4) The murder was committed by means of a destructive device, bomb, or explosive planted, hidden or concealed in any place, area, dwelling, building or structure, and the defendant knew or reasonably should have known that his act or acts would create a great risk of death to a human being or human beings.*

*(5) The murder was committed for the purpose of avoiding or preventing a lawful arrest or to perfect, or attempt to perfect an escape from lawful custody.*

*(6) The murder was committed by means of a destructive device, bomb, or explosive that the defendant mailed or delivered, attempted to mail or deliver, or cause to be mailed or delivered and the defendant knew or reasonably should have known that his act or acts would create a great risk of death to a human being or human beings.*

*(7) The victim was a peace officer as defined in Section 830.1, 830.2, 830.3, 830.31, 830.35, 830.36, 830.4, 830.5, 830.5a, 830.6, 830.10, 830.11 or 830.12, who, while engaged in the course of the performance of his duties was intentionally killed, and such defendant knew or reasonably should have known that such victim was a peace officer engaged in the performance of his duties; or the victim was a peace officer as defined in the above enumerated sections of the Penal Code, or a former peace officer under any of such sections, and was intentionally killed in retaliation for the performance of his official duties.*

*(8) The victim was a federal law enforcement officer or agent, who, while engaged in the course of the performance of his duties was intentionally killed, and such defendant knew or reasonably should have known that such victim was a federal law enforcement officer or agent, engaged in the performance of his duties; or the victim was a federal law enforcement officer or agent, and was intentionally killed in retaliation for the performance of his official duties.*

*(9) The victim was a fireman as defined in Section 245.1, who while engaged in the course of the performance of his duties was intentionally killed, and such defendant knew or reasonably should have known that such victim was a fireman engaged in the performance of his duties.*

*(10) The victim was a witness to a crime who was intentionally killed for the purpose of preventing his testimony in any criminal proceeding, and the killing was not committed during the commission, or attempted commission or the crime to which he was a witness; or the victim was a witness to a crime and was intentionally killed in retaliation for his testimony in any criminal proceeding.*

*(11) The victim was a prosecutor or assistant prosecutor or a former prosecutor or assistant prosecutor of any local or state prosecutor's office in this state or any other state, or a federal prosecutor's office and the murder was carried out in retaliation for or to prevent the performance of the victim's official duties.*

*(12) The victim was a judge or former judge of any court of record in the local, state or federal system in the State of California or in any other state of the United States and the murder was carried out in retaliation for or to prevent the performance of the victim's official duties.*

*(13) The victim was an elected or appointed official or former official of the Federal Government, a local or State government of California, or of any local or state government of any other state in the United States and the killing was*

*intentionally carried out in retaliation for or to prevent the performance of the victim's official duties.*

*(14) The murder was especially heinous, atrocious, or cruel, manifesting exceptional depravity, as utilized in this section, the phrase especially heinous, atrocious or cruel manifesting exceptional depravity means a conscienceless, or pitiless crime which is unnecessarily torturous to the victim.*

*(15) The defendant intentionally killed the victim while lying in wait.*

*(16) The victim was intentionally killed because of his race, color, religion, nationality or country of origin.*

*(17) The murder was committed while the defendant was engaged in or was an accomplice in the commission of, attempted commission of, or the immediate flight after committing or attempting to commit the following felonies:*

*(i) Robbery in violation of Section 211.*

*(ii) Kidnapping in violation of Sections 207 and 209.*

*(iii) Rape in violation of Section 261.*

*(iv) Sodomy in violation of Section 286.*

*(v) The performance of a lewd or lascivious act upon person of a child under the age of 14 in violation of Section 288.*

*(vi) Oral copulation in violation of Section 288a.*

*(vii) Burglary in the first or second degree in violation of Section 460.*

*(viii) Arson in violation of Section 447.*

*(ix) Train wrecking in violation of Section 219.*

*(18) The murder was intentional and involved the infliction of torture. For the purpose of this section torture requires proof of the infliction of extreme physical pain no matter how long its duration.*

*(19) The defendant intentionally killed the victim by the administration of poison.*

*(b) Every person whether or not the actual killer found guilty of intentionally aiding, abetting, counseling, commanding, inducing, soliciting, requesting, or assisting any actor in the commission of murder in the first degree shall suffer death or confinement in state prison for a term of life without the possibility of parole, in any case in which one or more of the special circumstances enumerated in paragraphs (1), (3), (4), (5), (6), (7), (8), (9), (10), (11), (12), (13), (14), (15), (16), (17), (18), or (19) of subdivision (a) of this section has been charged and specially found under Section 190.4 to be true.*

*The penalty shall be determined as provided in Sections 190.1, 190.2, 190.3, 190.4, and 190.5.*

Sec. 7. Section 190.3 of the Penal Code is repealed.

~~190.3. If the defendant has been found guilty of murder in the first degree, and a special circumstance has been charged and found to be true, or if the defendant may be subject to the death penalty after having been found guilty of violating subdivision (a) of Section 1672 of the Military and Veterans Code, or Section 37, 128, 219 or 4500 of this code, the trier of fact shall determine whether the penalty shall be death or life imprisonment without possibility of parole. In the proceedings on the question of penalty, evidence may be presented by both the people and the defendant as to any matter relevant to aggravation, mitigation, and sentence, including, but not limited to, the nature and circumstances of the present offense, the presence or absence of other criminal activity by the defendant which involved the use or attempted use of force or violence or which involved the expressed or implied threat to use force or violence, and the defendant's character, background, history, mental condition and physical condition.~~

~~However, no evidence shall be admitted regarding other criminal activity by the defendant which did not involve the use or attempted use of force or violence or which did not involve the expressed or implied threat to use force or violence. As used in this section, criminal activity does not require a conviction.~~

~~However, in no event shall evidence of prior criminal activity be admitted for an offense for which the defendant was prosecuted and was acquitted. The restriction on the use of this evidence is intended to apply only to proceedings conducted pursuant to this section and is not intended to affect statutory or decisional law allowing such evidence to be used in other proceedings.~~

~~Except for evidence in proof of the offense or special circumstances which subject a defendant to the death penalty, no evidence may be presented by the prosecution in aggravation unless notice of the evidence to be introduced has been given to the defendant within a reasonable period of time, as determined by the court, prior to the trial. Evidence may be introduced without such notice in rebuttal to evidence introduced by the defendant in mitigation.~~

~~In determining the penalty the trier of fact shall take into account any of the following factors if relevant:~~

~~(a) The circumstances of the crime of which the defendant was convicted in the present proceeding and the existence of any special circumstances found to be true pursuant to Section 190.1.~~

~~(b) The presence or absence of criminal activity by the defendant which involved the use or attempted use of force or violence or the expressed or implied threat to use force or violence.~~

~~(c) Whether or not the offense was committed while the defendant was under the influence of extreme mental or emotional disturbance.~~

~~(d) Whether or not the victim was a participant in the defendant's homicidal conduct or consented to the homicidal act.~~

~~(e) Whether or not the offense was committed under circumstances which the defendant reasonably believed to be a moral justification or extenuation for his conduct.~~

~~(f) Whether or not the defendant acted under extreme duress or under the substantial domination of another person.~~

~~(g) Whether or not at the time of the offense the capacity of the defendant to appreciate the criminality of his conduct or to conform his conduct to the requirements of law was impaired as a result of mental disease or the affects of intoxication.~~

~~(h) The age of the defendant at the time of the crime.~~

~~(i) Whether or not the defendant was an accomplice to the offense and his participation in the commission of the offense was relatively minor.~~

~~(j) Any other circumstance which extenuates the gravity of the crime even though it is not a legal excuse for the crime.~~

~~After having heard and received all of the evidence, the trier of fact shall consider, take into account and be guided by the aggravating and mitigating circumstances referred to in this section, and shall determine whether the penalty shall be death or life imprisonment without the possibility of parole.~~

Sec. 8. Section 190.3 is added to the Penal Code, to read:

*190.3. If the defendant has been found guilty of murder in the first degree, and a special circumstance has been charged and found to be true, or if the defendant may be subject to the death penalty after having been found guilty of violating subdivision (a) of Section 1672 of the Military and Veterans Code or Sections 37, 128, 219, or 4500 of this code, the trier of fact shall determine whether the penalty shall be death or confinement in state prison for a term of life without the possibility of parole. In the proceedings on the question of penalty, evidence may be presented by both the people and the defendant as to any matter relevant to aggravation, mitigation, and sentence including, but not limited to, the nature and circumstances of the present offense, any prior felony conviction or convictions whether or not such conviction or convictions involved a crime of violence, the presence or absence of other criminal activity by the defendant which involved the use or attempted use of force or violence or which involved*

*the express or implied threat to use force or violence, and the defendant's character, background, history, mental condition and physical condition.*

*However, no evidence shall be admitted regarding other criminal activity by the defendant which did not involve the use or attempted use of force or violence or which did not involve the express or implied threat to use force or violence. As used in this section, criminal activity does not require a conviction.*

*However, in no event shall evidence of prior criminal activity be admitted for an offense for which the defendant was prosecuted and acquitted. The restriction on the use of this evidence is intended to apply only to proceedings pursuant to this section and is not intended to affect statutory or decisional law allowing such evidence to be used in any other proceedings.*

*Except for evidence in proof of the offense or special circumstances which subject a defendant to the death penalty, no evidence may be presented by the prosecution in aggravation unless notice of the evidence to be introduced has been given to the defendant within a reasonable period of time as determined by the court, prior to trial. Evidence may be introduced without such notice in rebuttal to evidence introduced by the defendant in mitigation.*

*The trier of fact shall be instructed that a sentence of confinement to state prison for a term of life without the possibility of parole may in future after sentence is imposed, be commuted or modified to a sentence that includes the possibility of parole by the Governor of the State of California.*

*In determining the penalty, the trier of fact shall take into account any of the following factors if relevant:*

*(a) The circumstances of the crime of which the defendant was convicted in the present proceeding and the existence of any special circumstances found to be true pursuant to Section 190.1.*

*(b) The presence or absence of criminal activity by the defendant which involved the use or attempted use of force or violence or the express or implied threat to use force or violence.*

*(c) The presence or absence of any prior felony conviction.*

*(d) Whether or not the offense was committed while the defendant was under the influence of extreme mental or emotional disturbance.*

*(e) Whether or not the victim was a participant in the defendant's homicidal conduct or consented to the homicidal act.*

*(f) Whether or not the offense was committed under circumstances which the defendant reasonably believed to be a moral justification or extenuation for his conduct.*

*(g) Whether or not defendant acted under extreme duress or under the substantial domination of another person.*

*(h) Whether or not at the time of the offense the capacity of the defendant to appreciate the criminality of his conduct or to conform his conduct to the requirements of law was impaired as a result of mental disease or defect, or the affects of intoxication.*

*(i) The age of the defendant at the time of the crime.*

*(j) Whether or not the defendant was an accomplice to the offense and his participation in the commission of the offense was relatively minor.*

*(k) Any other circumstance which extenuates the gravity of the crime even though it is not a legal excuse for the crime.*

*After having heard and received all of the evidence, and after having heard and considered the arguments of counsel, the trier of fact shall consider, take into account and be guided by the aggravating and mitigating circumstances referred to in this section, and shall impose a sentence of death if the trier of fact concludes that the aggravating circumstances outweigh the mitigating circumstances. If the trier of fact determines that the mitigating circumstances outweigh the aggravating circumstances the trier of fact shall impose a sentence of confinement in state prison for a term of life without the possibility of parole.*

Sec. 9. Section 190.4 of the Penal Code is repealed.

~~190.4. (a) Whenever special circumstances as enumerated in Section 190.2 are alleged and the trier of fact finds the defendant guilty of first degree murder, the trier of fact shall also make a special finding on the truth of each alleged special circumstance. The determination of the truth of any or all of the special circumstances shall be made by the trier of fact on the evidence presented at the trial or at the hearing held pursuant to subdivision (b) of Section 190.1.~~

~~In case of a reasonable doubt as to whether a special circumstance is true, the defendant is entitled to a finding that it is not true. The trier of fact shall make a special finding that each special circumstance charged is either true or not true. Wherever a special circumstance requires proof of the commission or attempted commission of a crime, such crime shall be charged and proved pursuant to the general law applying to the trial and conviction of the crime.~~

~~If the defendant was convicted by the court sitting without a jury, the trier of fact shall be a jury unless a jury is waived by the defendant and by the people, in which case the trier of fact shall be the court. If the defendant was convicted by a plea of guilty the trier of fact shall be a jury unless a jury is waived by the defendant and by the people.~~

~~If the trier of fact finds that any one or more of the special circumstances enumerated in Section 190.2 as charged is true, there shall be a separate penalty hearing, and neither the finding that any of the remaining special circumstances charged is not true, nor if the trier of fact is a jury, the inability of the jury to agree on the issue of the truth or untruth of any of the remaining special circumstances charged, shall prevent the holding of the separate penalty hearing.~~

~~In any case in which the defendant has been found guilty by a jury, and the jury has been unable to reach a unanimous verdict that one or more of the special circumstances charged are true, and does not reach a unanimous verdict that all the special circumstances charged are not true, the court shall dismiss the jury and shall order a new jury impaneled to try the issues, but the issue of guilt shall not be tried by such jury, nor shall such jury retry the issue of the truth of any of the special circumstances which were found by a unanimous verdict of the previous jury to be untrue. If such new jury is unable to reach the unanimous verdict that one or more of the special circumstances it is trying are true, the court shall dismiss the jury and impose a punishment of confinement in state prison for life.~~

~~(b) If defendant was convicted by the court sitting without a jury, the trier of fact at the penalty hearing shall be a jury unless a jury is waived by the defendant and the people, in which case the trier of fact shall be the court. If the defendant was convicted by a plea of guilty, the trier of fact shall be a jury unless a jury is waived by the defendant and the people.~~

~~If the trier of fact is a jury and has been unable to reach a unanimous verdict as to what the penalty shall be, the court shall dismiss the jury and impose a punishment of confinement in state prison for life without possibility of parole.~~

~~(c) If the trier of fact which convicted the defendant of a crime for which he may be subjected to the death penalty was a jury, the same jury shall consider any plea of not guilty by reason of insanity pursuant to Section 1026, the truth of any special circumstances which may be alleged, and the penalty to be applied, unless for good cause shown the court discharges that jury in which case a new jury shall be drawn. The court shall state facts in support of the finding of good cause upon the record and cause them to be entered into the minutes.~~

~~(d) In any case in which the defendant may be subjected to the death penalty, evidence presented at any prior phase of the trial, including any proceeding upon a plea of not guilty by reason of insanity pursuant to Section 1026, shall be considered at any subsequent phase of the trial, if the trier of fact the prior phase is the same trier of fact at the subsequent phase.~~

~~(e) In every case in which the trier of fact has returned a verdict or finding imposing the death penalty, the defendant shall be deemed to have made an application for modification of such verdict or finding pursuant to subdivision (7) of Section 1181. In ruling on the application the judge shall review the evidence, consider, take into account, and be guided by the aggravating and mitigating circumstances referred to in Section 190.3, and shall make an independent determination as to whether the weight of the evidence supports the jury's findings and verdicts. He shall state on the record the reason for his findings.~~

~~The judge shall set forth the reasons for his ruling on the application and direct that they be entered on the Clerk's minutes.~~

~~The denial of the modification of a death penalty verdict pursuant to subdivision (7) of Section 1181 shall be reviewed on the defendant's automatic appeal pursuant to subdivision (b) of Section 1239. The granting of the application shall be reviewed on the peoples appeal pursuant to paragraph (6) of subdivision (a) of Section 1238.~~

~~The proceedings provided for in this subdivision are in addition to any other proceedings on a defendant's application for a new trial.~~

Sec. 10. Section 190.4 is added to the Penal Code, to read:

*190.4. (a) Whenever special circumstances as enumerated in Section 190.2 are alleged and the trier of fact finds the defendant guilty of first degree murder, the trier of fact shall also make a special finding on the truth of each alleged special circumstance. The determination of the truth of any or all of the special circumstances shall be made by the trier of fact on the evidence presented at the trial or at the hearing held pursuant to Subdivision (b) of Section 190.1.*

*In case of a reasonable doubt as to whether a special circumstance is true, the defendant is entitled to a finding that is not true. The trier of fact shall make a special finding that each special circumstance charged is either true or not true. Whenever a special circumstance requires proof of the commission or attempted commission of a crime, such crime shall be charged and proved pursuant to the general law applying to the trial and conviction of the crime.*

*If the defendant was convicted by the court sitting without a jury, the trier of fact shall be a jury unless a jury is waived by the defendant and by the people, in which case the trier of fact shall be the court. If the defendant was convicted by a plea of guilty, the trier of fact shall be a jury unless a jury is waived by the defendant and by the people.*

*If the trier of fact finds that any one or more of the special circumstances enumerated in Section 190.2 as charged is true, there shall be a separate penalty hearing, and neither the finding that any of the remaining special circumstances charged is not true, nor if the trier of fact is a jury, the inability of the jury to agree on the issue of the truth or untruth of any of the remaining special circumstances charged, shall prevent the holding of a separate penalty hearing.*

*In any case in which the defendant has been found guilty by a jury, and the jury has been unable to reach an unanimous verdict that one or more of the special circumstances charged are true, and does not reach a unanimous verdict that all the special circumstances charged are not true, the court shall dismiss the jury and shall order a new jury impaneled to try the issues, but the issue of guilt shall not be tried by such jury, nor shall such jury retry the issue of the truth of any of the special circumstances which were found by an unanimous verdict of the previous jury to be untrue. If such new jury is unable to reach the unanimous verdict that one or more of the special circumstances it is trying are true, the court shall dismiss the jury and in the court's discretion shall either order a new jury impaneled to try the issues the previous jury was unable to reach the unanimous verdict on, or impose a punishment of confinement in state prison for a term of 25 years.*

*(b) If defendant was convicted by the court sitting without a jury the trier of fact at the penalty hearing shall be a jury unless a jury is waived by the defendant and the people, in which case the trier of fact shall be the court. If the defendant was convicted by a plea of guilty, the trier of fact shall be a jury unless a jury is waived by the defendant and the people.*

*If the trier of fact is a jury and has been unable to reach a unanimous verdict as to what the penalty shall be, the court shall dismiss the jury and shall order a new jury impaneled to try the issue as to what the penalty shall be. If such new jury is unable to reach a unanimous verdict as to what the penalty shall be, the court in its discretion shall either order a new jury or impose a punishment of confinement in state prison for a term of life without the possibility of parole.*

*(c) If the trier of fact which convicted the defendant of a crime for which he may be subject to the death penalty was a jury, the same jury shall consider any plea of not guilty by reason of insanity pursuant to Section 1026, the truth of any special circumstances which may be alleged, and the penalty to be applied, unless for good cause shown the court discharges that jury in which case a new jury shall be drawn. The court shall state facts in support of the finding of good cause upon the record and cause them to be entered into the minutes.*

*(d) In any case in which the defendant may be subject to the death penalty, evidence presented at any prior phase of the trial, including any proceeding under a plea of not guilty by reason of insanity pursuant to Section 1026 shall be considered an any subsequent phase of the trial, if the trier of fact of the prior phase is the same trier of fact at the subsequent phase.*

*(e) In every case in which the trier of fact has returned a verdict or finding imposing the death penalty, the defendant shall be deemed to have made an application for modification of such verdict or finding pursuant to Subdivision 7 of Section 11. In ruling on the application, the judge shall review the evidence, consider, take into account, and be guided by the aggravating and mitigating circumstances referred to in Section 190.3, and shall make a determination as to whether the jury's findings and verdicts that the aggravating circumstances outweigh the mitigating circumstances are contrary to law or the evidence presented. The judge shall state on the record the reasons for his findings.*

*The judge shall set forth the reasons for his ruling on the application and direct that they be entered on the Clerk's minutes. The denial of the modification of the death penalty verdict pursuant to subdivision (7) of Section 1181 shall be reviewed on the defendant's automatic appeal pursuant to subdivision (b) of Section 1239. The granting of the application shall be reviewed on the People's appeal pursuant to paragraph (6).*

Sec. 11. Section 190.5 of the Penal Code is repealed.

~~190.5. (a) Notwithstanding any other provision of law, the death penalty shall not be imposed upon any person who is under the age of 18 years at the time of commission of the crime. The burden of proof as to the age of such person shall be upon the defendant.~~

~~(b) Except when the trier of fact finds that a murder was committed pursuant to an agreement as defined in subdivision (a) of Section 190.2, or when a person is convicted of a violation of subdivision (a) of Section 1672 of the Military and~~

~~Veterans Code, or Section 37, 128, 4500, or subdivision (b) of Section 190.2 of this code, the death penalty shall not be imposed upon any person who was a principal in the commission of a capital offense unless he was personally present during the commission of the act or acts causing death, and intentionally physically aided or committed such act or acts causing death.~~

~~(c) For the purposes of subdivision (b), the defendant shall be deemed to have physically aided in the act or acts causing death only if it is proved beyond a reasonable doubt that his conduct constitutes an assault or a battery upon the victim or if by word or conduct he orders, initiates, or coerces the actual killing of the victim.~~

Sec. 12. Section 190.5 is added to the Penal Code, to read:

*190.5. Notwithstanding any other provision of law, the death penalty shall not be imposed upon any person who is under the age of 18 at the time of the commission of the crime. The burden of proof as to the age of such person shall be upon the defendant.*

Sec. 13. If any word, phrase, clause, or sentence in any section amended or added by this initiative, or any section or provision of this initiative, or application thereof to any person or circumstance, is held invalid, such invalidity shall not affect any other word, phrase, clause, or sentence in any section amended or added by this initiative, or any other section, provisions or application of this initiative, which can be given effect without the invalid word, phrase, clause, sentence, section, provision or application and to this end the provisions of this initiative are declared to be severable.

Sec. 14. If any word, phrase, clause, or sentence in any section amended or added by this initiative or any section or provision of this initiative, or application thereof to any person or circumstance is held invalid, and a result thereof, a defendant who has been sentenced to death under the provisions of this initiative will instead be sentenced to life imprisonment, such life imprisonment shall be without the possibility of parole.

If any word, phrase, clause, or sentence in any section amended or added by this initiative or any section or provision of this initiative, or application thereof to any person or circumstance is held invalid, and a result thereof, a defendant who has been sentenced to confinement in the state prison for life without the possibility of parole under the provisions of this initiative shall instead be sentenced to a term of 25 years to life in a state prison.

# INDEX

Chiropractors—School Accreditation and License Revocation—Legislative Initiative Amendment (Proposition 4) ............... 20–23, 38–39

Coastal Property, Surplus, State—Legislative Constitutional Amendment (Proposition 3) ............................................................ 16–19

Murder—Penalty—Initiative Statute (Proposition 7) .................. 32–35, 41–46

Public Utilities Commission—Legislative Constitutional Amendment (Proposition 2) ............................................................ 12–15

School Employees—Homosexuality—Initiative Statute (Proposition 6) ............................................................ 28–31, 41

Smoking, Regulation of—Initiative Statute (Proposition 5) ........ 24–27, 39–41

Taxation, Property—Legislative Constitutional Amendment (Proposition 8) ............................................................ 36–37

Veterans Bond Act of 1978 (Proposition 1) ............................................ 8–11, 38

*Photoelectronic composition by*
CALIFORNIA OFFICE OF STATE PRINTING

77909—862 7-78 8,500M

## CERTIFICATE OF SECRETARY OF STATE

I, March Fong Eu, Secretary of State of the State of California, do hereby certify that the foregoing measures will be submitted to the electors of the State of California at the GENERAL ELECTION to be held throughout the State on November 7, 1978, and that the foregoing pamphlet has been correctly prepared in accordance with law.

Witness my hand and the Great Seal of the State in Sacramento, California, this first day of August, 1978.

THE GREAT SEAL OF THE STATE OF CALIFORNIA
EUREKA

March Fong Eu

MARCH FONG EU
*Secretary of State*