RICHARD ANTHONY CORRAL # C-99479
SALINAS VALLEY STATE PRISON (A5-135)
PO BOX 1050
SOLEDAD, CA
93960-1050
(IN PRO PER)

FILED
MAY 2 8 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Richard A. Corral, Petitioner<br>v.<br>M.S. Evans, Warden, Respondent | No. C 07-05383 SBA (PR)<br><br>MOTION IN OPPOSITION TO RESPONDENT'S MOTION TO DISMISS |

The Petitioner has, to the very best of his ability, shown due diligence in seeking relief, including unknowingly accepting assistance from inadequate sources. The exceptions of 28 USC 2244 (d) apply to the petitioner, equitable tolling is applicable.

Further, a "novel argument" is presented on creation of an impediment by the state. Brambles v. Duncan (9th Cir. 2005) 412 F.3d 1066.

DATE:

Demetrius A. Wright
PETITIONER PRO PER

STATEMENT OF FACTS

On November 19, 1984, pursuant to a plea bargain, petitioner pleaded guilty in Alameda County Superior Court to one count of second degree murder, and admitted one prior serious felony conviction and one prior prison term, and an enhancement for use of a deadly weapon. However, the petitioner did not have the requisite state of mind necessary to make a conscious and informed waiver of his constitutional right to trial. Further, this state of mind actually preceded plea hearing. Based on petitioner's medical records, which we will require discovery to obtain completely, he was under the care of mental health staff and on a psycotropic medication whose side effects seriously debilitated comprehension. When the petitioner met with counsel concerning his plea, this was his state of mind. He was convinced that he was to receive a term of 15 years which would be enhanced by 7 years for a maximum term of 22 years. Life was never mentioned. On January 7, 1985, petitioner was sentenced to twenty-two years to life.

While petitioner sought an appeal through action by counsel, counsel never followed up on his request. At the time, due to the above mentioned state of mind and extreme lack of knowledge as to what, if anything, he could have done; the petitioner was obviously, and has been for several years, at a loss as to his protected rights and extremely ill-advised.

As the petitioner was led to believe that the Court had discretion to sentence him to the statutory maximum, despite understood plea of 22 years maximum (no life), he also believed, recently, that his situation is applicable to the ruling in Cunningham v. California ___ S. Ct. ___ (2007) which led to this petition. (He was led to this by another prisoner whom also prepared the original writ.) Although Cunningham may not apply, the underlying premises of Claim One and Three, including the primary issue of Due Process, should proceed to judicial review of the merits.

We would also point out that the petitioner is still under the care of CDCR mental health staff, has a debilitating

physical health condition, and is housed under provisions provided by the C.D.C.R in compliance with the Americans with Disabilities Act.

# ARGUMENT

# I.

## THE PETITION IS NOT BARRED BY THE STATUTE OF LIMITATIONS PURSUANT TO 28 U.S.C §2244 AND SHOULD THEREFORE PROCEED

As amended by AEDPA, 28 U.S.C §2244 (d) provides:

(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in state custody pursuant to the judgment of a state court. The limitations period shall run from the latest of —

(B) the date on which the impediment to filing an application by the state in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence

Under these provisions, Corral's claims are timely.

Petitioner contends that by the State providing absolutely no legal assistance, beyond an obstinate and ineffective appointed counsel, despite claims to Correctional counselor's that he did not understand his sentence and how it occured, despite their knowledge of his educational inadequacies, and despite marked mental disability at the time aggravated instead of improved by psycotropic medication, as well as an inability to retain counsel due to incarceration and lack of gainful employment — are all impediments, to seeking redress, which are all within the power of the State to alleviate or remove.

Instead of adequate and appropriate counsel, petitioner has had to rely on ill-equipped untrained prisoners for "legal aid", the only provision provided by the State. (see: California Code of Regulations Title 15 § 3163 "Assisting Other Inmates"). To provide a law library should not be considered as sufficient by the Courts. Whereas the petitioner

has the ability to read, he lacks the ability to fully, and adequately, comprehend and apply such information.

These impediments, while not in control of the State, as to petitioner's mental health and ability, to the extent that they are, by not providing adequate provision to address them, is in violation of the petitioner's right to access the Courts, a constitutionally protected right.

The petitioner is not making the argument that every prisoner is so impeded, however, those testing at or below a first year average American junior high school student in comprehension, especially, should be given consideration.

The petitioner is proceeding pro per with the inadequate assistance of another prisoner, and is presenting, as to the author's knowledge, aspects of a "novel" argument which warrants consideration for granting equitable tolling. The Court should grant equitable tolling.

( See Brambles v. Duncan ( 9th Cir. 2005) 412 F.3d 1066; see also Pliler v. Ford (2004) 542 U.S.

225 [124 S. Ct. 2441; 159 L. Ed. 2d 338]).

Also, while relying on other prisoners to aid him, who took advantage of him and sought compensation despite CDCR's rules against this, the petitioner lost valuable time and documents. Also, petitioner was unable to acquire needed documents from original appointed counsel once he declined to file appeal on his behalf. Based upon the above, as it goes to due diligence, we would ask the Court to consider applicability of Spitsyn v. Moore (9th Cir. 2003) 345 F.3d 796 where equitable tolling was appropriate when counsel was retained to file a petition, but failed to do so and disregarded the client's requests to return the files until well past the filing deadline had passed. (See also: United States v. Battle (9th Cir. 2004) 362 F.3d 1195 [remanding for fact-finding as to whether former attorney's withholding of transcripts was "extraordinary circumstances" justifying equitable tolling.]).

A.  LATE START DATE APPLIES

Normally, the statue of limitations begins to run on the day following finality, Fed. R. Civ. Pro. 6 (a), unless one of three exceptions apply. Based on 28 U.S.C § (d) (1) (B), (D) the two exceptions presented above applies to Corral, the petitioner. He is entitled to equitable tolling. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

B. CORRAL IS ENTITLED TO EQUITABLE TOLLING

Petitioner Corral has made a clear and explicit claim for equitable tolling. He has established "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." Rasberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006) (quoting Pace v. DiGugielmo, 544 US 408, 125 S. Ct. 1807, 1814 (2005)). The petitioner has also shown that equitable tolling is appropriate as directed by Gaston v. Palmer, 387 F.3d 1004, 1008 (9th Cir. 2004).).

This is not a "simple" matter of "ignorance of the law," which provides no basis for equitable tolling (Rasberry at 1154), but a totality of factors have come into play in Corral's seeking of relief, the foundation of which are insurmountable disabilities, physical, and mental, which alone can justify a grant of equitable tolling, Calderon v. United States District Court (9th Cir. 1998) 163 F. 3d 530, 541; Laws v. LaMarque (9th Cir. 2003) 351 F. 3d 919. (We would also refer to the attached affidavits).

ARGUMENT

II.

PETITIONER'S PLEA WAS INVALID AS HIS BOYKIN/TAHL RIGHTS WERE NOT EXPRESSLY AND KNOWINGLY WAIVED

At the hearing the petitioner was under the influence of a high dose of psycotropic medication and pain medication which had side effects of a sedative and narcotized state mak-

ing it impossible for him to understand the nature of the proceedings as required, Godinez v. Moran (1993) 509 US 389, 113 S. Ct. 2680. Further, the court, petitioner's counsel, nor the prosecutor considered this fact or looked into the matter of history of mental illness or other factors indicating poor judgment and insight which are probative of his competence to enter a guilty plea, Chavez v. U.S., (9th Cir. 1981) 656 F2d 512, 519. Nothing in the record shows an inquiry into whether the petitioner had ingested any drugs or alcohol prior to hearing, the recommended procedure. Had the court done so it would have understood why petitioner could only nod on the question of "freely and voluntarily" waiving his rights (see Respondent's Exhibit B, page 2, line 25-27 of Motion to Dismiss). He was sedated and confused on legal medicines which the CDCR upon reception immediately began to wean him off once effect was observed. The petitioner has repeatedly attempted to acquire documentation that substantiates this, and

has repeatedly met obstacles and will require an evidentary hearing and discovery. Even under the most stingent reading of Boykin v. Alabama (1969) 395 U.S. 238, 89 S. Ct. 1709, the petitioner's plea and waiver are not valid: not even under the State's own ruling in In re Tahl (1969) 1 C.3d 122, which brings in the further complicated issue of the State not following its own established criminal procedures, its statutes and constitution, disregarding petitioner's right to due process. (Hicks v. Oklahoma (1980) 447 U.S. 343, 100 S. Ct. 2227). The Attoney General, on behalf of the respondent, would like to get around this issue of constitutional proportion, on procedural grounds looking over the fact of writ's preparation by a pro per mentally ill, physically handicapped prisoner, not on the merits.

California Criminal Law, Practice and Procedure (Fifth Edition) section 10.42 contains this statement from 1 ABA Standards for Criminal Justice, the Defense Function 4-6.2 "... defense counsel is obligated to ensure that accused choice on question of guilty plea is an informed one, made with full awareness of alternatives, including any that arise from

proposals made by prosecutor." And it is our contention that the petitioner's impaired psychological state preceded the plea hearing and was existent at time of formulation of, as well as presentation of, the plea.

ARGUMENT

III.

BREACH OF PLEA AGREEMENT

As attorney for the Respondent has implied that petitioner's writ lacks merit, The following argument is only addressed briefly as there is a need for an evidentiary hearing and discovery, on this we would ask the court to consider Taylor v. Caldwell (9th Cir. 1978) 579 F.2d 1380 ("the district court must try to reconstruct findings from the state court's legal findings and to make its own findings if it cannot adequately do so. Ordinarily, an evidentiary hearing should be held for this purpose.")

The attached Felony Disposition Summary from Alameda County District Attorney Office (Exhibit A) reflects a sentence of 22 years as Plea Agreement, nothing more. An addition of life is a significant departure. The State's ruling in

People v. Walker (1991) 54 C3d 1013, 1024, a case with standing, speaks on this issue yet, despite the constitutional implications of this, the state court's denied petitioner's writ for habeas corpus. Even should the Court reach the conclusion that the plea itself was valid, despite substantial evidence to the contrary, departure from the agreed upon term to the statutory maximum is a violation of petitioner's right to due process and trial by jury.

"The test for whether a deviation is 'significant' is stricter than the test on not being advised of the consequence of a guilty plea, i.e., simply deciding whether the defendant would probably not have pleaded guilty had the greater punishment been known. Punishment that is not 'prejudicial' can still be considered 'significant' if imposed after a negotiated plea" 54 C3d at 1027 n3. Federal law on the issue is and was clearly established on this and federal Courts have the responsibility for interpreting federal law Williams v. Taylor (2000) ___ U.S. ___ (120 S. Ct. 1495, 146 L.Ed.2d 389). Should the Respondent's implication that only a 22 years to life sentence could be

imposed by the court, it would mean that counsel for the petitioner was either 1) incompetent, or 2) intentionally misled him, taking advantage of his decreased mental capacity. It is clear that there were no advantages or logical reasons for a plea unless a lesser sentence was negotiated – not the statutory maximum. We would refer the Court back to the Felony Disposition Summary wherein there are no "Fixed Term Factors" mentioned.

CONCLUSION

For the foregoing reasons, the Petition for Writ of Habeas Corpus should proceed on Claim One and Three, with Claim Two dismissed without prejudice as to Cunningham (see Fed. R. Civ. P. Rule 41); that counsel be appointed for effective discovery (Fed. R of Habeas Corpus, rule 6(a)), the petitioner's inability to articulate his claims and the complexity of the issues (18 U.S.C. sec 3006 A., 28 U.S.C. sections 1915 (d), 2254 (h); Federal R. of Habeas Corpus, rule 8 (c); Bashor v. Riley (9th Cir. 1984) 730 F.2d 1228), and the necessity for an evidentiary hearing (Fed. R. of Hab. Corpus 8 (c)); Respondent be ordered to Answer; and, any other relief deemed necessary by the Court.

DATE: 17 MAY 2008

RESPECTFULLY SUBMITTED,

Demetrius Ahmed Wright

DEMETRIUS AHMED WRIGHT#T-65802

(SALINAS VALLEY STATE PRISON A5/130
PO BOX 1050
SOLEDAD, CA 93960)

- For - (on behalf of)

Richard A. Corral

RICHARD A. CORRAL, PRO PER

(SALINAS VALLEY STATE PRISON A5/135
PO BOX 1050
SOLEDAD, CA 93960)

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 20th day of May 2008 in Soledad, County of Monterey, California.

Richard Corral

PETITIONER

EXHIBIT
A

FELONY DISPOSITION SUMMARY — Northway — Alameda County District Attorney's Office

BRANCH: [X] SUPER. COURT [1] OAK. [2] BERK. [3] HAY. [4] ALA. [5] FRE [6] LIV.

| OFFENDANT | CASE NO. | DATE | DEPT. | JUDGE |
|---|---|---|---|---|
| Richard Conrad | 79351 | 11 19 84 | 9 | Golde |

DEFENSE ATTY.: [X] PD — DDA: Selvin

CONVICTED (6)

| CNT. | OFFENSE | |
|---|---|---|
| 1 | 187 2nd | X 12022(b), X 12022.5 |

Codes listed: LIO, 12022(a), 12022(b), 12022.3(A), 12022.3(B), 12022.5, 667.6(B), 1203.085(A), 1203.085(B), 667.6(C), 1203.06(B), 12022(A), 12022(B), 12022.5, 12022.6(A), 12022.6(B), 12022.7, 1203.06, 1203.07, 1203.08, 1203.09, 190.1, 1168(SL), 1170(DSL), 667

| PR. # | PRIOR CONVICTION | DATE | SENTENCE |
|---|---|---|---|
| [illegible] | | | |
| 2 | 211 2nd | 1-6-77 | probation |

## EVENT RESULT

- 74 [X] PLEAD GUILTY FELONY
- 75 PLEAD GUILTY MISDEMEANOR
- 76 JURY TRIAL ____ DAYS
- 77 COURT TRIAL ____ DAYS
- 104 FOUND 1026
- 141 FOUND NOT 1026

NOT CONVICTED

| CNT. | OFFENSE |
|---|---|
| 2 | 211 PC |

Codes listed: 12022(a), 12022(b), 12022.5, 12022.6(a), 12022.6(b), 12022.7, 1203.06, 1203.07, 1203.08, 190.1, MISTRIAL, HUNG, NOT GLTY., 1118.1, CT. DISM., D.A. DISM., NGI

| PR. # | PRIOR CONVICTION | DATE | SENTENCE |
|---|---|---|---|
| 1 | 496 PC | 9-7-79 | State prison |

## DEFENSE INFORMATION (TRIAL ONLY)

1. ALIBI
2. SELF DEFENSE
3. DIMINISHED CAPACITY - REJECTED
4. DIMINISHED CAPACITY - ACCEPTED
5. LACK OF INTENT
6. ILLEGAL SEARCH
7. ENTRAPMENT
8. CONSENT
9. CONDUCT LAWFUL
10. DEFENDANT DID NOT TESTIFY
11. IMPEACH BY P.X.
12. IMPEACH BY POLICE STATEMENT
13. IMPEACH BY DEFENSE WITNESS
14. CHAIN OF EVIDENCE
15. FAULTY DESCRIPTION

## NO PLEA AGREEMENT

1. STATE PRISON IS MANDATORY. REASON:
2. STATE PRISON IS REQUIRED BY 1203(d) (__) P.C., ABSENT UNUSUAL CIRCUMSTANCES.
3. STATE PRISON IS DISCRETIONARY.
4. NO STATE PRISON - MISDEMEANOR CONVICTION.

## PLEA AGREEMENT

[X] INCLUDES OTHER CASE(S). (SPECIFY IN "ADDITIONAL AGREEMENT")

- 5 STATE PRISON - ISL
- 6 [X] STATE PRISON - AGREED TERM OF 22 years ~~MONTHS~~ (SEE BELOW)
- 7 STATE PRISON - TERM TO BE FIXED BY COURT.
- 8 STATE PRISON TO BE DETERMINED BY COURT.
- 9 NO STATE PRISON

## NEXT EVENT

- 11 [X] REPORT & SENTENCE
- 12 1026 TRIAL
- 13 190.1 TRIAL - SPECIAL CIRC.
- 14 190.1 TRIAL - PENALTY
- 10 TRIAL
- 5 SET/OTHER
- 28 1026 HEARING
- 37 APPEAL
- 38 APPEAL/FEDERAL
- 33 APPEAL/SUPREME COURT
- 34 APPEAL/DEFENSE
- 35 APPEAL/DCA
- 36 APPEAL/INTERLOCATORY

| NEXT DATE | DEPT. | TIME |
|---|---|---|
| 1 4 85 | 9 | |

## FIXED TERM FACTORS

| | | | AGREED TERM (IN MOS.) | TO BE DETERMINED BY COURT |
|---|---|---|---|---|
| PRINCIPAL OFFENSE | COUNT | UPPER / MIDDLE / LOWER | | ☐ ☐ D.A. WILL SEEK AGGRAVATED TERM (SEE PROB. LETTER) |
| ENHANCEMENTS | SPECIFY | | | ☐ |
| PRIOR PRISON TERMS | 667.5 (a) PC | NO. | | ☐ |
| | 667.5 (b) PC | NO. | | ☐ |
| SUBORDINATE (CS) OFFENSES | VIOLENT FELONIES | CTS. | | ☐ |
| | OTHER FELONIES | CTS. | | ☐ |
| TOTAL FIXED TERM | | | | |

ADDITIONAL AGREEMENT:

D's misd case in muni court (OMC) to be dismissed

EXHIBIT
B

DEPARTMENT OF CORRECTIONS STATE OF CALIFORNIA

2/14 PM

| ORDER DATE | ORDERING DOCTOR | MEDICATION | EXPIRATION DATE |
|---|---|---|---|
| 1/24/85 | Kou | 1) Sinequan 200 mgm po HS x30 days | 2/28/85 |
| " | " | 2) Midrin i po TID x30 days | " |
| 1/30/85 | " | 3) Hydroxyzine 50 mg BID | 3/1/85 |
| 2/20/85 | Kou | 4) Vistaril 50 mg BID | 3/22/85 |
| ↓ | ↓ | 5) Midrin i TID (PRN headache) | ↓ |
| 3/24/85 | [illegible] | 6) Doxepin 200 mg HS | 3/24/85 |
| 2/23/85 | [illegible] | 7) Doxepin 200 mg HS | 3/23/85 |

| DATE | A.M. | NOON | P.M. | H.S. | DATE | A.M. | NOON | P.M. | H.S. |
|---|---|---|---|---|---|---|---|---|---|
| 1/24/85 | | | | 1230c | 3-7 | 45[illegible] | | — | 45 70c |
| 1/25 | | 23[illegible] | | 1230 | 3-10 | | | — | 45 70c |
| 2/4 | | 23[illegible] | | 123 | 3/11 | 452 | | — | 45 70c |
| 1/27 | | | | 123 | 3/12 | | | 50 — | 45 70c |
| 1/28 | | | | 120c | 3/13 | 452 | | — | 45 70c |
| 1/29 | | | | 120c | | | | | |
| 1/30 | | | 20c | 1230c | 3-15 | | | | 451 |
| 1/31 | | | 230c | 1230c | 3-17 | | 452 | | 45[illegible] |
| 2-1 | | | | 123[illegible] | | | | | |
| 2-2 | | | | 123[illegible] | 3-18 | | | | 45 70c |
| 2-3 | | | | 12300 | 3-19 | 452 | | | |
| 2-4 | | 232 | | 1230c | 3/20 | | | | 45 70c |
| 2-7 | 232 | | — | 1230c | 3/21 | | | | 45 70c |
| 2-8 | | | | 1230 | 3/22 | | | | [illegible] |
| 2-9 | | | 2g | 1232 | | | | | [illegible] |
| 2-11 | | | | 1230c | | | | | |
| 2-12 | | | | 1230c | | | | | |
| 2-13 | | | | 1230c | | | | | |
| 2-14 | | 232 | | | | | | | |
| 2-15 | 232 | | | | | | | | |
| 2-17 | 232 | (2) | — | 1230c | | | | | |
| 2-18 | | 232 | | 1230c | | | | | |
| 2-19 | | | | 1230c | | | | | |
| 2-20 | | 232 | | | | | | | |
| 2-21 | 42 | | | | | | | | |
| 2-24 | 452 | | | 4570c | | | | | |
| 3-? | | | | 4570c | | | | | |
| 3/5 | 42 | | | 451g | | | | | |

IDENTIFICATION OF INITIALS

| NAME | INITIAL | NAME | INITIAL | NAME | INITIAL |
|---|---|---|---|---|---|
| S. Christen | SC | [signature] | | [signature] | JC |
| | INITIAL | NAME L. MELENDEZ MTA, CMF | INITIAL | NAME | INITIAL |

| NAME OF INMATE | NUMBER | HOUSING |
|---|---|---|
| CORRAL, RICHARD | C99479 | U-[illegible] 355 |

V-245-L

OUTPATIENT MEDICATION

CDC 7253 (9/77)

ALLERGY

| DATE | TIME | |
|---|---|---|
| | | NRC Psych Note: |
| 1/29/85 | | 27 yr old male, of Hispanic descent, [illegible] 22 yr commitment, referred as he may "blow up or go off." Admits to [illegible] use of PCP. C/o of [illegible] around people but no definite psych hx of paranoid features. |
| | | Speech slow & some blocking, [illegible] of associations, [illegible] anxiety and mild depression, no suicidal [illegible] [illegible], [illegible] judgment & insight. |
| | | Impression: - Adjustment Dis c Anxious Mood - Substance Abuse - PCP by hx - [illegible] Personality Disorder - [illegible] |
| | | Rx: [illegible]: [illegible] 300 mg p.o. h.s. x 30 days [illegible] Mellaril [illegible] po TID x 30 days Ventilation Rev Psych PRN |
| | | [signature] |
| 1/30/85 | | [illegible] Psych Notes: |
| | | c/o of over sedation but contends that he needs evening medications as c/o of [illegible] during the day. [illegible] and depressed but no suicidal [illegible]. Due to his [illegible] of [illegible] and some degree of blocking we may have to rule out some organic [illegible] [illegible] than 2° to [illegible] use of Substances. Previous psych hx [illegible] non-specific. |
| | | - Over |

NAME CORRAL

NUMBER C-99479

(OVER)

OUTPATIENT MEDICAL RECORD

CDC 7254 (Rev. 9/77)

DEPARTMENT OF CORRECTIONS STATE OF CALIFORNIA

ALLERGY

| DATE | TIME | |
|---|---|---|
| 1/3[illegible] | | NRC [illegible] notes: Cont. |
| | | NRC CLINIC SICK CALL |
| | | Dispo: [illegible] possibly [illegible] |
| | | [illegible] 50 mg [illegible] p.o. BID x [illegible] |
| | | [illegible]: 1/30/[illegible] |
| | | [illegible] MTA [illegible] |

NAME | NUMBER

(OVER)

OUTPATIENT MEDICAL RECORD

CDC 7254 (Rev. 9/77)

# California Department Of Corrections
## Out - Patient
### Doctor's Notes & Orders

| Date & Hour | |
|---|---|
| 3-27-85 | Rec'd from NRC |
| 5/23/85 | FCC Chang Cat K to GP. Retain. JA |
| 4-25-86 | C-FILE REVIEW: EPRMEPD 10-6-95. DOB 4-20-57, AGE 29. |
| | EXCESSIVE USE OF INTOXICANTS DATING BACK TO AGE 14. EXCESSIVE DRINKING |
| | CAUSED BLACKOUTS. I.O. OF M-2 DURING BLACKOUT, HE CLAIMS. |
| | OCCASIONAL PCP AND MJ. PERSISTANT LAW VIOLATOR SINCE 1976. |
| | PRIOR CDC 1979-81 FOR BURG. 2ND, CONVICTED OF RSP. PFC ROBB. 2ND |
| | IN 1977. S'S HEIGHT IS GIVEN AS 5'8" (5'7" IN POR) AND WEIGHT |
| | 145 (152). DR. KAW AT NRC-CMF ON 2-25-85: "HE HAD NO |
| | PREVIOUS PSYCHIATRIC TREATMENT, HOWEVER, HE APPEARED TO BE MARKEDLY |
| | DEPRESSED WITH PAUCITY OF SPEECH, MOVEMENTS, AND THINKING, BUT DENIED |
| | ANY SUICIDAL PREOCCUPATIONS. HE ADMITTED TO PROLONGED USE OF ALCOHOL. |
| | PSYCHOLOGICAL TESTING BY DR. GILBERT REVEALED AN INTACT MEMORY, |
| | WITH AN IQ OF 86, WHICH IS WITHIN THE LOW NORMAL RANGE, HOWEVER, |
| | RORSCHACH TEST REVEALED A DEEP-SEATED DEPRESSION... THE RECOM- |
| | MENDATION IS CATEGORY "K" CMC-EAST." [signature] |
| 5-15-86 | FCC Rec Level III not a K |
| | Wants back on Ativan - substitute for alco. JA |

Number C-99479 Name Cossal

Richard Corral C-99479
Salinas Valley State Prison
P.O. Box 1050 (A5-135)
Soledad Ca 93960-1050

UNITED STATES POSTAGE
PITNEY BOWES
02 1A
0004397458
$ 01.51°
MAY 27 2008
MAILED FROM ZIP CODE 93960

Office of the Clerk
U.S. District Court for
the Northern District of California
1301 Clay st Suite 400S 94612-
Oakland, Ca
94612-5212

STATE PRISON
GENERATED MAIL

LEGAL MAIL ONLY