EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
GERALD A. ENGLER
Senior Assistant Attorney General
JULIET B. HALEY
Deputy Attorney General
GREGORY A. OTT
Deputy Attorney General
State Bar No. 160803
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA 94102-7004
  Telephone: (415) 703-5964
  Fax: (415) 703-1234
  Email:  gregory.ott@doj.ca.gov
Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RICHARD CORRAL,**<br><br>Petitioner,<br><br>v.<br><br>**M.S. EVANS, Warden,**<br><br>Respondent. | C 07-5383 SBA (PR)<br><br>**REPLY TO OPPOSITION TO MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS UNTIMELY** |

Respondent has filed a motion to dismiss the petition for writ of habeas corpus filed by California state prisoner Richard Corral ("petitioner"). Petitioner has filed an opposition to the motion. We reply.

**ARGUMENT**

Petitioner opposes respondent's motion on various grounds. He does not dispute respondent's chronology of events, but contends nonetheless that statutory and equitable tolling apply to his circumstances. Petitioner is not entitled to tolling of any kind. The motion should be granted.

As discussed in our motion to dismiss, petitioner's judgment became final in early 1985.

Reply To Opp. To Mtn. To Dismiss—*Corral v. Evans*, No. C 07-5383 SBA (PR)

1

1  The statute of limitations expired against petitioner in April 1997. Petitioner did not begin to pursue
2  remedies in state court until another ten years had lapsed, in 2007.

3  Petitioner is not entitled to a delayed onset of the statute of limitations period. In his
4  petition, petitioner appears to rely on *Cunningham v. California*, 549 U.S. 270 (2007), in support
5  of one of his claims, implicitly asserting the limitations period did not commence until that case
6  issued. *See* 28 U.S.C. § 2244(d)(1)(C). Petitioner now states he "believed" *Cunningham* was
7  applicable, but acknowledges it may not be. Opp. at 3. For the reasons explained in our Motion To
8  Dismiss at 3-5, *Cunningham* is inapplicable to petitioner's case, thus preventing him from asserting
9  the delayed onset of the statute of limitations provided by 28 U.S.C. § 2244(d)(1)(C). Section
10 2244(d)(1)(C) is inapplicable for the further reason that the Supreme Court has not made it
11 "retroactively applicable to cases on collateral review." *Id.* Although the Ninth Circuit in *Butler*
12 *v. Curry*, __ F.3d __, 2008 U.S. App. LEXIS 12324 (9th Cir. June 9, 2008), recently applied
13 *Cunningham* retroactively, it did so only as far as the 2004 issuance of *Blakely v. Washington*, 542
14 U.S. 296. It did not, in other words, find *Cunningham* retroactive beyond 2004. As indicated,
15 petitioner's judgment became final in 1997. Petitioner similarly cannot rely on *Blakely v.*
16 *Washington*, 542 U.S. 296, or *Apprendi v. New Jersey*, 530 U.S. 466, for a delayed commencement
17 of the limitations period, as those cases do not apply retroactively to cases that became final before
18 their 2004 and 2000, respectively, issuance. *Schardt v. Payne*, 414 F.3d 1025, 1036 (9th Cir. 2005)
19 (holding that *Blakely v. Washington*, 542 U.S. 296, does not apply retroactively to cases on collateral
20 review); *Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1246 (9th Cir. 2005) (holding that *Apprendi*
21 *v. New Jersey*, 530 U.S. 466 does not apply retroactively to cases on collateral review); *see also*
22 *United States v. Cruz*, 423 F.3d 1119, 1121 (9th Cir. 2005) (holding that *United States v. Booker*,
23 543 U.S. 220 (2005), does not apply retroactively to cases on collateral review).

24 Petitioner next asserts there were "impediments" to his filing a timely petition. Opp. at
25 6; *see* 28 U.S.C. § 2244(d)(1)(B). The chief impediment he cites, however, is the lack of counsel
26 or other legal assistance. Opp. at 6. He has no right to counsel on state or federal habeas, however,
27 which precludes application of § 2244(d)(1)(B). *Wright v. West*, 505 U.S. 277, 293 (1992); *Coleman*
28 *v. Thompson*, 501 U.S. 722, 757 (1991). He also generally alleges mental difficulties, but such a

Reply To Opp. To Mtn. To Dismiss—*Corral v. Evans*, No. C 07-5383 SBA (PR)

1  circumstance, even if true, is inapplicable to § 2244(d)(1)(B).

2  Petitioner also asserts he should be entitled to equitable tolling for the twenty years he sat idle. Opp. at 9. He asserts that he "is still under the care of C.D.C.R. mental health staff [and] has a debilitating physical health condition." Opp. at 3-4. While he repeats his generalizations, he never provides any detail to his alleged ailment, or how it, for twenty years, rendered it impossible to file his brief form petition in this Court.

The Supreme Court has not determined whether the doctrine of equitable tolling applies to 28 U.S.C. § 2244(d)(1). *Pace v. DiGuglielmo*, 544 U.S. at 418 n.8. We will assume for purposes of this brief that it so applies.

A habeas petitioner seeking equitable tolling bears the burden of showing entitlement to it. *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002). In this circuit, equitable tolling is warranted only for extraordinary circumstances beyond the petitioner's control that make it impossible to file a timely federal habeas petition. *Fail v. Hubbard*, 315 F.3d 1059, 1061-62 (9th Cir. 2002); *Frye v. Hickman*, 258 F.3d 1036, 1038 (9th Cir. 2001); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999); *cf. Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (assuming that equitable tolling applies to AEDPA, habeas petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance has stood in his way"). Such extraordinary circumstances must be the proximate cause of his untimeliness. *Stillman v. Lamarque*, 319 F.3d 1199 (9th Cir. 2003); *see Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000); *Marsh v. Soares*, 223 F.3d 1217, 1221 (10th Cir. 2000). "[T]he threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d at 1066. Equitable tolling is thus "unavailable in most cases." *Miles v. Prunty*, 187 F.3d at 1107.

Petitioner's request for equitable tolling rests on his underlying claim that he is mentally ill, or at least sometimes so. Mental illness, if shown, may provide grounds for equitable tolling. *Cf. Calderon v. District Court (Kelley)*, 163 F.3d 530, 541 (9th Cir. 1998) (incompetency). It does not, however, do so automatically. *See, e.g., Nara v. Frank*, 264 F.3d 310, 320 (3d Cir. 2001); *Rhodes v. Senkowski*, 82 F. Supp. 2d 160, 168-73 (S.D.N.Y. 2000); *see also Miller v. Runyon*, 77 F.3d 189, 191-92 (7th Cir. 1996) (allegation that petitioner was incompetent at time of plea does not

suffice to state claim for tolling of subsequent limitations period). Rather, the habeas petitioner still must show that his alleged mental illness was an "extraordinary circumstance" that made it impossible for him to file a timely petition. *See Fail v. Hubbard*, 315 F.3d at 1061-62.

Petitioner wholly fails to meet his burden here. First, petitioner provides not even a description of his alleged mental ailment, let alone when and how it has affected him. Despite apparently having access to his own medical records, petitioner provides only two pages purportedly from an *out*patient medical record. Opp. Exh. A. Neither page provides any substantive information to the extent they are legible at all. Worse, the pages date from 1985 and 1986, more than twenty years ago. Whether petitioner or, as he alleges, another inmate, prepared his petition and opposition, more information is due to explain the idle passing of two decades.

Second, even assuming, arguendo, some mental illness past or present, petitioner makes no attempt to explain how it caused a twenty-year delay in filing. Indeed, the task facing petitioner in filing the instant petition could not have been simpler. He pleaded guilty, so the relevant state record is de minimus. *See* Motion To Dismiss Exhs. A-C. He raises only three claims, but all center on essentially the same claimed misunderstanding. Petitioner filed only a form petition, without points and authorities. His state petitions involved no more effort. *See* Motion To Dismiss Exhs. D-F. There is no suggestion in any of petitioner's three state petitions that someone other than petitioner prepared them, and no assertion or sign of any mental illness. *Id.*

Last, petitioner's claim of mental illness appears to be presented as a convenience rather than a true source of delay. After nearly twenty years of inaction, petitioner filed his first collateral review petition on February 6, 2007, only fifteen days after the issuance of *Cunningham v. California*, 549 U.S. 270. The timing was no coincidence. Petitioner explained the reason for his delay as such: "No delay, new sentencing ruling only 15 days old." Motion To Dismiss Exh. D, Petition at ¶15. Petitioner's state court of appeal and supreme court petitions were consistent, citing *Cunningham* and explaining that petitioner did not raise his claims on appeal because they were "newly discovered/created claim[s]," and that there was "no delay" in presenting them. Motion To Dismiss Exh. E, Petition at ¶¶10, 15, Exh. F, Petition at ¶¶10, 15. In sum, it appears that the issuance of *Cunningham* was the genesis for the timing of the instant petition, not a twenty-year

Reply To Opp. To Mtn. To Dismiss—*Corral v. Evans*, No. C 07-5383 SBA (PR)

4

incapacitation caused by an undescribed mental illness.  Petitioner appears to have changed his position upon learning that *Cunningham* is inapplicable.  His disingenuous request for equitable tolling should be rejected.

## CONCLUSION

Accordingly, for the reasons stated, and those set forth in our motion to dismiss, respondent respectfully requests that the petition for writ of habeas corpus be dismissed with prejudice as untimely.

Dated:  June 26, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

GERALD A. ENGLER
Senior Assistant Attorney General

JULIET B. HALEY
Deputy Attorney General


/s/ Gregory A. Ott
GREGORY A. OTT
Deputy Attorney General

Attorneys for Respondent

Reply To Opp. To Mtn. To Dismiss—*Corral v. Evans*, No. C 07-5383 SBA (PR)

5

# DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Corral v. Evans, Warden**

No.:   **C 07-5383 SBA (PR)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter; my business address is 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004.

On June 30, 2008, I served the attached **REPLY TO OPPOSITION TO MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS UNTIMELY** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States Mail at San Francisco, California, addressed as follows:

Richard Anthony Corral
Salinas Valley State Prison
A-5 - 135
Prisoner Id C-99479
P. O. Box 1050
Soledad, CA 93960

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on June 30, 2008, at San Francisco, California.

|  |  |
|---|---|
| S. Agustin | /s/ S. Agustin |
| Declarant | Signature |

20119061.wpd