IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RICHARD CORRAL,                              )  No. C 07-05383 SBA (PR)
                                             )
                    Petitioner,              )  **ORDER GRANTING RESPONDENT'S**
v.                                           )  **MOTION TO DISMISS PETITION AS**
                                             )  **UNTIMELY**
M. S. EVANS, Warden,                         )
                                             )  (Docket no. 9)
                    Respondent.              )
_____     )

Petitioner Richard Corral, a state prisoner, filed the instant pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Before the Court is Respondent's motion to dismiss the instant petition as untimely under 28 U.S.C. § 2244(d) -- the statute of limitations set by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  Petitioner filed an opposition to the motion, and Respondent filed a reply.

Having considered all of the papers filed by the parties, the Court GRANTS Respondent's motion to dismiss.

**BACKGROUND**

On November 19, 1984, Petitioner pleaded guilty, pursuant to a plea bargain, to one count of second degree murder.  (Resp't Ex. B at 1-4.)  He admitted one prior serious felony conviction, one prior prison term, and an enhancement for use of a deadly weapon.  (Id.)  On January 4, 1985, the Alameda County Superior Court imposed a sentence of twenty-two years to life in state prison. (Resp't Ex. C at 1-4.)  Petitioner did not appeal his conviction.[1]

On February 6, 2007,[2] Petitioner filed a petition for a writ of habeas court in the Alameda

_____

[1] Petitioner alleges that he appealed his conviction.  (Pet. at 3.)  However, there is no record of an appeal of his conviction in the state appellate courts.

[2] A pro se federal or state habeas petition is deemed filed on the date it is delivered to prison authorities for mailing.  See Saffold v. Newland, 250 F.3d 1262, 1268 (9th Cir. 2001), vacated and remanded on other grounds, Carey v. Saffold, 536 U.S. 214 (2002) (holding that a federal or state habeas petition is deemed filed on the date the prisoner submits it to prison authorities for filing, rather than the date it is received by the courts).  February 6, 2007 is the date the state habeas petition was signed and the earliest date that the petition could have been delivered to prison

**United States District Court**
For the Northern District of California

County Superior Court.  (Resp't Ex. D.)  The superior court denied the petition on February 13, 2007.  (Id.)  On March 1, 2007,[3] Petitioner filed a habeas petition in the California Court of Appeal.  (Resp't Ex. E.)  The appellate court denied the petition on March 8, 2007.  (Id.)  Then, on April 17, 2007, Petitioner filed a habeas petition in the California Supreme Court.[4]  (Resp't Ex. F.)  The state supreme court denied the petition on August 29, 2007.  (Id.)

On October 2, 2007,[5] Petitioner filed the instant federal habeas petition.  The federal court file stamped the petition on October 23, 2007.

## DISCUSSION

The AEDPA, which became law on April 24, 1996, imposed a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners.  Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence.  See 28 U.S.C. § 2244(d)(1).

The one-year period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C.

---

authorities for mailing.  The Court assumes for the purposes of this discussion that the petition was delivered to prison authorities on that date.

[3] March 1, 2007 is the date Petitioner's state habeas petition was signed and the earliest date that the petition could have been delivered to prison authorities for mailing; therefore, it will be deemed filed on that date.  See Saffold, 250 F.3d at 1268.

[4] Petitioner did not sign or date the habeas petition he filed in the state supreme court.

[5] October 2, 2007 is the date Petitioner's federal habeas petition was signed and the earliest date that the petition could have been delivered to prison authorities for mailing; therefore, it will be deemed filed on that date.  See Saffold, 250 F.3d at 1268.

United States District Court
For the Northern District of California

§ 2244(d)(1)(A).  AEDPA's one-year time limit, however, did not begin to run against any state prisoner before the date of the Act's enactment.  Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1287 (9th Cir. 1997) (allowing § 2244(d)'s limitation period to commence before AEDPA's enactment would have an impermissible retroactive effect), overruled in part on other grounds by Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc).  A prisoner with a state conviction finalized before April 24, 1996, such as Petitioner, ordinarily had until April 24, 1997, to file a federal habeas petition on time.  Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

Therefore, the instant petition filed on October 2, 2007 -- more than ten years after the limitations period had expired -- is untimely absent tolling or a delayed commencement of the limitations period.

## I.   Statutory Tolling

The petition may nonetheless be timely if the limitations period was tolled under 28 U.S.C. § 2244(d)(2) for a substantial period of time.  AEDPA's one-year limitations period is tolled under § 2244(d)(2) for the "'time during which a properly filed application for State post-conviction or other collateral review [with respect to the pertinent judgment or claim] is pending.'"  Dictado v. Ducharme, 244 F.3d 724, 726 (9th Cir. 2001) (quoting 28 U.S.C. § 2244 (d)(2)), abrogated on other grounds by Pace v. DiGuglielmo, 544 U.S. 408 (2005).  In Carey v. Saffold, 536 U.S. 214, 223 (2002), the Supreme Court held that the limitations period is also tolled during the time between a lower state court's decision and the filing of a notice of appeal to a higher state court.  In California, where prisoners generally use the State's "'original writ' system," this means that the limitations period remains tolled during the intervals between a state court's disposition of an original state habeas petition and the filing of a further original state habeas petition in a higher court, provided the prisoner did not delay unreasonably in seeking review in the higher court.  See id. at 220-25.[6]

---

[6] In California, the supreme court, intermediate courts of appeal, and superior courts all have original habeas corpus jurisdiction.  Nino v. Galaza, 183 F.3d 1003, 1006 n.2 (9th Cir. 1999).  Although a superior court order denying habeas corpus relief is non-appealable, a state prisoner may

United States District Court
For the Northern District of California

1

2      Petitioner filed his state habeas petition in the Alameda County Superior Court on February

3  6, 2007.  However, he is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) because the

4  limitations period had already run, almost ten years earlier, on April 23, 1997.  A state habeas

5  petition filed after AEDPA's statute of limitations ended cannot toll the limitations period.  See

6  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (Section 2244(d) does not permit the

7  reinitiation of the limitations period that has ended before the state petition was filed, even if the

8  state petition was timely filed).  Section 2244(d)(2) cannot "revive" the limitations period once it has

9  run (i.e., restart the clock to zero); it can only serve to pause a clock that has not yet fully run.  See

10  Rashid v. Kuhlmann, 991 F. Supp. 254, 259 (S.D.N.Y. 1998) (once the limitations period has

11  expired, collateral petitions can no longer serve to avoid the statute of limitations).  Accordingly,

12  statutory tolling is not sufficient to overcome the time bar to Petitioner's federal habeas petition.

13      Because Petitioner did not meet the one-year requirement for filing the instant federal habeas

14  petition, and he is not entitled to statutory tolling, his petition is barred as untimely under 28 U.S.C.

15  § 2244(d)(1), unless he can show that he is entitled either to equitable tolling, or a delayed

16  commencement of the limitations period.

17

18  **II.      Equitable Tolling**

19      The one-year limitations period can be equitably tolled because § 2244(d) is a statute of

20  limitations and not a jurisdictional bar.  Beeler, 128 F.3d at 1288.  "When external forces, rather than

21  a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the

22  statute of limitations may be appropriate."  Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

23  Equitable tolling will not be available in most cases because extensions of time should be granted

24  only if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition

25  on time."  Beeler, 128 F.3d at 1288 (citation and internal quotation marks omitted).  The prisoner

26

27

28  file a new habeas corpus petition in the appellate court.  Id.  If the appellate court denies relief, the
petitioner may seek review in the California Supreme Court by way of a petition for review, or may
instead file an original habeas petition in the supreme court.  Id. at 1006 n.3.

4

*Left margin (vertical):* United States District Court  For the Northern District of California

1   must show that "the 'extraordinary circumstances' were the cause of his untimeliness."  Spitsyn v.

2   Moore, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted).  The petitioner bears the burden of

3   showing that this "extraordinary exclusion" should apply to him.  Miranda v. Castro, 292 F.3d 1063,

4   1065 (9th Cir. 2002).

5       Petitioner first argues that he is entitled to equitable tolling, because he "is proceeding pro

6   per with the inadequate assistance of another prisoner."  (Opp'n at 7.)  However, Petitioner has no

7   right to counsel on state or federal habeas.  Wright v. West, 505 U.S. 277, 293 (1992) (citing

8   Pennsylvania v. Finley, 481 U.S. 551, 555 (1987)); Coleman v. Thompson, 501 U.S. 722, 757

9   (1991).  Petitioner also argues that "he lacks the ability to fully and adequately comprehend the law."

10  (Opp'n at 7.)  However, Petitioner concedes that ignorance of the law and lack of legal sophistication

11  do not alone constitute extraordinary circumstances warranting equitable tolling.  (Opp'n at 10

12  (citing Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (cataloguing cases from other

13  circuits and holding that "a pro se petitioner's lack of legal sophistication is not, by itself, an

14  extraordinary circumstance")); see also Hughes v. Idaho State Bd. of Corr., 800 F.2d 905, 909 (9th

15  Cir. 1986) (illiteracy of pro se petitioner insufficient cause to avoid procedural bar); Cantu-Tzin v.

16  Johnson, 162 F.3d 295, 299-300 (5th Cir. 1998) (pro se status during state habeas proceedings did

17  not justify equitable tolling); United States v. Flores, 981 F.2d 231, 236 (5th Cir. 1993) (pro se

18  status, illiteracy, deafness and lack of legal training does not justify equitable tolling).  Therefore,

19  Petitioner is not entitled to equitable tolling based solely on his lack of access to legal counsel or

20  ignorance of the law.

21

22      Petitioner next argues that he is entitled to equitable tolling, due to his "insurmountable"

23  physical and mental disabilities as well as his "debilitating physical health condition."  (Opp'n at 3-4,

24  10.)  The record includes some documentation of medical treatment Petitioner received in 1985 in

25  state prison.  (Opp'n, Ex. B.)  This documentation indicates that Petitioner had a serious alcohol

26  addiction problem, but does not describe any mental illnesses.  (Id.)  Petitioner fails to explain

27  exactly what his mental and physical ailments are and how they have affected his ability to file a

28  habeas petition over the last twenty-three years.  He argues only that his mental disabilities affected

United States District Court
For the Northern District of California

5

United States District Court

For the Northern District of California

the validity of his guilty plea in 1984, and these disabilities have compromised his ability to prepare an adequate petition.  (Opp'n at 10, 12.)  Indeed his disabilities, which he alleges are ongoing, did not stop him from actually filing multiple state habeas petitions, nor did they prevent him from filing the instant federal habeas petition in October, 2007.  The Ninth Circuit has held that a pro se petitioner's mental incompetence may constitute an "extraordinary circumstance" that warrants equitable tolling if it affects his ability to file a timely habeas petition.  Laws v. Lamarque, 351 F.3d 919, 923 (9th Cir. 2003).  A petitioner does not "carry a burden of persuasion" at the time he asserts equitable tolling in opposition to a motion to dismiss; further factual development is "required" even if petitioner makes only a conclusory verified allegation, such as that during the relevant period he was "deprived [] of any kind of cons[ci]ousness."  Id. at 924 (reversing dismissal because district court failed to develop record in response to petitioner's claim of mental incompetency).  In general, where courts have required further factual development, either the petition or the record contains some evidence of a period of mental incompetency.  See id. at 923 (describing extended incompetency evaluations at petitioner's trial); Rohan ex rel. Gates v. Woodford, 334 F.3d 803, 814 (9th Cir. 2003) (describing a record documenting "serious mental problems for many years"); Nara v. Frank, 264 F.3d 310, 319-20 (3d Cir. 2001), overruled in part on other grounds by Carey v. Saffold, 536 U.S. 214 (2002) (evidentiary hearing warranted where evidence showed "ongoing, if not consecutive, periods of mental incompetency").  On the other hand, where a prisoner fails to show "any causal connection" between the grounds upon which he asserts a right to equitable tolling and his inability to timely file a federal habeas application, the equitable tolling claim will be denied.  Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005) (Not clear error to find equitable tolling inapplicable where prisoner fails to show causal connection between physical and mental disabilities and inability to timely file petition.).

Here, Petitioner has failed to show any evidence of ongoing periods of mental incompetency, or that his physical and mental disabilities prevented him from filing on time; therefore, his conclusory arguments for equitable tolling are unavailing.  See id.; see also Laws, 351 F.3d at 923. Based on a thorough review of the facts asserted in Petitioner's state and federal petitions and in his

opposition to the motion to dismiss, the Court concludes that Petitioner has not shown that equitable tolling should apply to him.  That is, he alleges no facts which show an "extraordinary circumstance" meriting equitable tolling.  See Beeler, 128 F.3d at 1289.  Accordingly, the limitations period will not be equitably tolled.

### III.      Delayed Commencement of the Limitations Period

Petitioner argues that the limitations period should start running with the date defined by 28 U.S.C. § 2244(d)(1)(C), which states that the limitations period to file a federal habeas petition will begin to run on "the date . . . the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

Petitioner alleges that he was not "given the opportunity to refute the excessive sentence imposed by his honor at sentencing," and that he was "sentenced in excess of the statutory maximum" without a jury trial.  (Pet. at 6.)  In support of his claims, Petitioner cites Cunningham v. California, 549 U.S. 270 (2007).

In Cunningham, the Supreme Court held that California's determinate sentencing law (DSL) violates the Sixth and Fourteenth Amendments because it authorizes the judge, not the jury, to find the facts permitting an upper term sentence.  Id. at 274.  Specifically, a jury found Cunningham guilty of continuous sexual abuse of a child, which is punishable under the DSL by a sentence of either six, twelve, or sixteen years.  Id. at 275.  At a sentencing hearing after the jury verdict, the trial court judge evaluated additional evidence against Cunningham and found that six aggravating circumstances justified imposition of the upper term sentence of sixteen years.  Id.

Petitioner argues that because Cunningham is applicable to his case, it justifies a delayed commencement of the limitations period under 28 U.S.C. § 2244(d)(1)(C).  He argues that if his rights, as recognized in Cunningham, were found to have been violated during his plea and sentencing, then the limitations period would have commenced on January 22, 2007, the date Cunningham was decided.  In this scenario, Petitioner would have had until January 22, 2008 to file a timely petition.  Therefore, Petitioner argues that the instant petition, filed on October 2, 2007,

would then be timely.

However, <u>Cunningham</u> did not recognize new rights retroactively applicable to all cases on collateral review; therefore, it cannot justify a fresh start of the AEDPA one-year limitations period under 28 U.S.C. § 2244(d)(1)(C).  The Ninth Circuit has held that although <u>Cunningham</u> does apply retroactively, it does so only for cases decided after the Supreme Court's decision in <u>Blakely v. Washington</u>, 542 U.S. 296 (2004).  <u>See</u> <u>Butler v. Curry</u>, 528 F.3d 624, 633-35, 639 (9th Cir. 2008).  In other words, <u>Cunningham</u> applies retroactively to cases decided on or after June 25, 2004, the day after the <u>Blakely</u> decision was released.  Here, Petitioner's sentence became final in January, 1985, nineteen years before <u>Blakely</u> was decided.  Therefore, neither <u>Blakely</u> nor <u>Cunningham</u> apply retroactively to Petitioner's case.  <u>See</u> <u>Butler</u>, 528 F.3d at 639.  Section 2244(d)(1)(C) is inapplicable by its terms -- it only delays commencement of the limitations period for laws announcing new rules retroactively applicable on collateral review.  Because the rule in <u>Cunningham</u> is not retroactively applicable to sentences finalized before the <u>Blakely</u> decision in June, 2004, the Court finds that Petitioner is not entitled to a delayed commencement of the limitations period.  Accordingly, his federal petition is untimely.

### CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss the petition as untimely (docket no. 9) is GRANTED.  This action is DISMISSED WITH PREJUDICE.

The Clerk of the Court shall terminate all pending motions, enter judgment, and close the file.    This Order terminates Docket no 9.

IT IS SO ORDERED.

DATED: 2/9/09

_Saundra B Armstrong_
SAUNDRA BROWN ARMSTRONG
United States District Judge

8

**United States District Court**
For the Northern District of California

1

2

UNITED STATES DISTRICT COURT

3   FOR THE

4   NORTHERN DISTRICT OF CALIFORNIA

5

6   CORRAL et al,

Case Number: CV07-05383 SBA

7           Plaintiff,

**CERTIFICATE OF SERVICE**

8     v.

9   EVANS et al,

10

11           Defendant.
                                          /

12

13   I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
     Court, Northern District of California.

14

15   That on February 11, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said
     copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said

16   envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle
     located in the Clerk's office.

17

18

19

20   Richard Anthony Corral

21   Salinas Valley State Prison
     A-5 -135

22   Prisoner Id C-99479

23   P.O. Box 1050
     Soledad,  CA 93960-1050

24

25   Dated: February 11, 2009

                                    Richard W. Wieking, Clerk
26                                  By: LISA R CLARK, Deputy Clerk

27

28

P:\PRO-SE\SBA\HC.07\Corral5383.MTD(sol).frm                 9