IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD CORRAL,          ) <br>      Petitioner,   ) <br> v.                                ) <br> M. S. EVANS, Warden,      ) <br>      Respondent.   ) <br> _____ ) | No. C 07-05383 SBA (PR) <br><br> **ORDER DENYING MOTION FOR RECONSIDERATION AND DENYING REQUEST FOR CERTIFICATE OF APPEALABILITY** <br><br> (Docket nos. 26, 27) |

Petitioner Richard Corral, a state prisoner, filed the instant pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

In an Order dated February 9, 2009, the Court dismissed the action as time barred by the one-year statute of limitations applicable to federal habeas petitions set by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). See Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), cert. denied, 118 S. Ct. 988 (1998), overruled in part on other grounds by Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc). The Court found that Petitioner failed to show that the limitations period should be tolled or that he was entitled to a delayed commencement of the limitations period.

Before the Court is Petitioner's motion for reconsideration of the Court's February 9, 2009 Order. He has also filed a motion for an extension of time to file a notice of appeal and a request for a certificate of appealability (COA).

For the reasons stated below, the Court DENIES Petitioner's motion for reconsideration. Petitioner's motion for an extension of time will be construed as the functional equivalent of a notice of appeal, as explained below. The notice of appeal shall then be deemed to constitute a request for a COA, and the Court DENIES Petitioner's request.

## I. Motion for Reconsideration

Where the Court's ruling has resulted in a final judgment or order, a motion for reconsideration may be based either on Rule 59(e) (motion to alter or amend judgment) or Rule 60(b) (motion for relief from judgment) of the Federal Rules of Civil Procedure.  See Am. Ironworks & Erectors v. N. Am. Constr. Corp., 248 F.3d 892, 898-99 (9th Cir. 2001).

In the present case, Petitioner's motion is based on Rule 60(b), which provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief.  Fed. R. Civ. P. 60(b); School Dist. 1J v. ACandS Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).  Rule 60(b) provides a mechanism for parties to seek relief from a judgment when "it is no longer equitable that the judgment should have prospective application," or when there is any other reason justifying relief from judgment.  Jeff D. v. Kempthorne, 365 F.3d 844, 853-54 (9th Cir. 2004) (quoting Fed. R. Civ. P. 60(b)).  "Although the application of Rule 60(b) is committed to the discretion of the district courts . . . , as a general matter, Rule 60(b) is remedial in nature and . . . must be liberally applied."  TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 695-96 (9th Cir. 2001) (internal quotation marks and ellipsis omitted).

Rule 60(b)(6) is a "catchall provision" that applies only when the reason for granting relief is not covered by any of the other reasons set forth in Rule 60.  United States v. Washington, 593 F.3d 790, 796-97  (9th Cir 2010).  "[T]he catchall provision of Rule 60(b) has been used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment."  Id. at 797 (internal quotations omitted).

Here, as grounds for reconsideration, Petitioner seems to seek relief under Rule 60(b)(6) based on his allegation that a "fundamental miscarriage of justice occured [sic]" that entitles him to relief.  (Mot. for Recons. at 2.)  He argues that his petition is timely because he has attached "some

exhibits to substantiate [his] contention that he is indeed entitled to equitable tolling due to circumstances beyond his control." (Id. at 1-2.) Specifically, Petitioner claims that from 1985, when he started his prison sentence, until 2004 ("the most recent evaluation [he] could quickly obtain"), it was determined that he suffered from "borderline retardation due to essential nerves [sic] system damage" stemming from "two head injuries in his youth." (Id. at 3.) He further argues that he suffers from physical impairments, including chronic back problems stemming from "lumbar spondylosis."[1] (Id.) He alleges that "he is still under mental health care and housed by the prison in a manner which meets the Americans with Disabilities Act." (Id.) He claims that his mental and physical difficulties "account for the failure to file a timely claim," and thus "equitable tolling of the statute of limitations may be appropriate." (Id. at 4.)

The one-year limitations period can be equitably tolled because § 2244(d) is a statute of limitations and not a jurisdictional bar. Beeler, 128 F.3d at 1288. "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). Equitable tolling will not be available in most cases because extensions of time should be granted only if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Beeler, 128 F.3d at 1288 (citation and internal quotation marks omitted). The prisoner must show that "the 'extraordinary circumstances' were the cause of his untimeliness." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted). The petitioner bears the burden of showing that this "extraordinary exclusion" should apply to him. Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002). The Ninth Circuit has held that a pro se petitioner's mental incompetence may constitute an "extraordinary circumstance" that warrants equitable tolling if it affects his ability to file a timely habeas petition. Laws v. Lamarque, 351 F.3d 919, 923 (9th Cir. 2003).

In its February 9, 2009 Order, the Court included the following background relating to Petitioner's argument for equitable tolling:

---

[1] Lumbar spondylosis occurs when there is a narrowing of the spinal canal in the lower back or lumbar region. It is a degenerative disorder that may cause loss of spinal structure or functioning.

> Petitioner next argues that he is entitled to equitable tolling, due to his "insurmountable" physical and mental disabilities as well as his "debilitating physical health condition." (Opp'n at 3-4, 10.) The record includes some documentation of medical treatment Petitioner received in 1985 in state prison. (Opp'n, Ex. B.) This documentation indicates that Petitioner had a serious alcohol addiction problem, but does not describe any mental illnesses. (Id.) Petitioner fails to explain exactly what his mental and physical ailments are and how they have affected his ability to file a habeas petition over the last twenty-three years. He argues only that his mental disabilities affected the validity of his guilty plea in 1984, and these disabilities have compromised his ability to prepare an adequate petition. (Opp'n at 10, 12.) Indeed his disabilities, which he alleges are ongoing, did not stop him from actually filing multiple state habeas petitions, nor did they prevent him from filing the instant federal habeas petition in October, 2007.

(Feb. 9, 2009 Order at 5-6.) The Court further stated, "where a prisoner fails to show 'any causal connection' between the grounds upon which he asserts a right to equitable tolling and his inability to timely file a federal habeas application, the equitable tolling claim will be denied." (Id. at 6 (citing Gaston v. Palmer, 417 F.3d 1030, 1034-35 (9th Cir. 2005) (holding that it was not clear error for district court to find equitable tolling inapplicable where prisoner fails to show causal connection between physical and mental disabilities and inability to timely file petition.)).) The Court acknowledged that further factual development was "required" even if petitioner makes only a conclusory verified allegation "deprived [] of any kind of cons[ci]ousness." (Id. at 6. (citing Laws, 351 F.3d at 923-24 (reversing dismissal because district court failed to develop record in response to petitioner's claim of mental incompetency)).). The Court noted that "[i]n general, where courts have required further factual development, either the petition or the record contains some evidence of a period of mental incompetency." (Id.) However, in the present case, the Court determined that no further factual development was necessary. Instead, the Court found Petitioner's conclusory arguments for equitable tolling unavailing because he had "failed to show any evidence of ongoing periods of mental incompetency, or that his physical and mental disabilities prevented him from filing on time." (Id.)

Upon considering the alleged arguments regarding the "fundamental miscarriage of justice" presented in Petitioner's motion for reconsideration, the Court finds that Petitioner has failed to show that reconsideration of its February 9, 2009 Order is appropriate. The Court had originally found the petition to be untimely by more than ten years, and Petitioner has filed this motion for

4

reconsideration to account for the time frame from the date of the AEDPA's enactment in 1996[2] through 2004, the date of the most recent psychological evaluation submitted by Petitioner. Petitioner alleges that this eight-year time frame should have been equitably tolled; however, the record does not support his allegations. Instead, the record supports the Court's conclusion that equitable tolling is inapplicable because Petitioner failed to show causal connection between his alleged mental and physical disabilities and his inability to timely file a federal petition. According to the medical records attached to his motion for reconsideration, Petitioner has been diagnosed with certain mental and physical problems. (Pet'r Exs. A, B.) Petitioner's chronic back problems have affected him for "a number of years," and in 2003, he had surgery "for recurrent back and leg problems." (Pet'r Ex. A.) His medical records from 1985, 1986, 1991 and 2004 all indicated that he was diagnosed with being "borderline" mentally retarded resulting from "severe drug abuse" and also from "two head injuries" when he was a child. (Pet'r Ex. B.) Petitioner has also been diagnosed with "personality disorder (substance abuse)," "inadequate or anti-social personality," as well as "chronic depression." (Id.) The medical records also show, however, that at least until 2004, Petitioner had been medicated for his mental and physical problems. (Id.) Although mental incompetency may equitably toll the habeas limitation period because mental incompetency is an extraordinary circumstance beyond a prisoner's control, see Kelly, 163 F.3d at 541, a showing of mental illness (or physical disabilities) alone will not necessarily toll the limitation period. Most mental illnesses and physical disabilities are treatable, and with proper treatment many, if not most, sufferers are capable of managing their own affairs. See Gaston, 417 F.3d at 1034; Miller v. Runyon, 77 F.3d 189, 192 (7th Cir.), cert. denied, 519 U.S. 937 (1996); see e.g., id. at 191 (under federal common law, mental illness tolls a limitation period only if "the illness in fact prevents the

---

[2] AEDPA's one-year time limit does not begin to run against any state prisoner before the date of the Act's enactment. Beeler, 128 F.3d at 1287 (allowing § 2244(d)'s limitation period to commence before AEDPA's enactment would have an impermissible retroactive effect). A prisoner with a state conviction finalized before April 24, 1996, such as Petitioner, ordinarily had until April 24, 1997, to file a federal habeas petition on time. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

sufferer from managing his affairs and thus from understanding his legal rights and acting upon them); accord Rhodes v. Senkowski, 82 F. Supp. 2d 160, 169-70 (S.D.N.Y. 2000) (prisoner must show that medical/mental problems rendered him unable to pursue his legal rights during relevant time period).  Here, Petitioner has not shown (or presented enough evidence to require an evidentiary hearing to determine) that his mental and physical problems prevented him from filing his petition on time.  The Court will not stereotype all petitioners diagnosed with a mental illness or a  physical disability -- especially those who are treated with medication -- as inherently and endlessly incompetent.  Additionally, there would be an inconsistency in the reasoning if the Court determined that Petitioner should receive equitable tolling due to his alleged mental and physical problems because of the following: (1) he managed to file his federal petition (albeit late) with no indication that his mental/physical health status has changed; and (2) nothing in his motion for reconsideration suggests why he was able to file the federal petition on October 2, 2007, but could not do so earlier or, for that matter, why he was able to file his state habeas petitions in 2007, but not earlier.  The Court further notes that during the periods he suffered from the alleged mental and physical problems, Petitioner had the ability to request for assistance from other prisoners.  In fact, according to his motion for reconsideration:  "Any and all of Petitioner's 'legal work' has been done by fellow unskilled laymen at law prisoners."  (Mot. for Recons at 5.)

   Petitioner's case is distinguishable from the petitioner in Laws.  In Laws, there was a specific allegation that the petitioner's "'psychotic d[y]sfunction' precluded his timely filing," and there was an unrebutted allegation that the petitioner "was 'deprived [] of any kind of cons[ci]ousness'" in the relevant time period.  351 F.3d at 922.  There are no comparable allegations about Petitioner in the instant case.  Petitioner's medical records from 1996 through 2004 do not describe any inability on his part to conduct his affairs, prepare legal work, or request for legal assistance from other prisoners.  Petitioner must do more than simply assert his mental and physical problems, because his medical records show no significant differences in his mental/physical health status between his period of idleness and his periods of active litigation.  Therefore, reconsideration of Petitioner's equitable tolling claim during this eight-year time period is not warranted because he has not shown

a causal connection between his mental and physical problems and his inability to file a timely federal habeas application. See Gaston, 417 F.3d at 1034-35.

In sum, Petitioner's federal petition was filed on October 2, 2007, over ten years after the deadline for filing, which was April 24, 1997.  Because the Court finds that he is not eligible for equitable tolling from 1996 through 2004 based on his alleged mental and physical problems, the petition is still untimely and no reconsideration is warranted.  Assuming arguendo, the Court had found that Petitioner was eligible for equitable tolling during the eight-year time frame covered by the medical records reflecting his alleged mental and physical problems, his federal petition would still be untimely by almost three years.  Therefore, the Court finds unavailing Petitioner's argument that a "fundamental miscarriage of justice" occurred that entitles him to relief.

In view of the above considerations, Petitioner's motion for reconsideration is DENIED.

## II.     **Request for a COA**

As mentioned above, also before the Court is Petitioner's motion for an extension of time to file a notice of appeal and a request for a COA.

Rule 4(a) of the Federal Rules of Appellate Procedure requires that a notice of appeal "be filed with the clerk of the district court within thirty days after the entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1).  Relief from the deadline for a timely notice of appeal may be obtained by a motion in the district court under Rule 4(a)(5), which allows for an extension of time if the party requests it within thirty days of the expiration of the time to file the notice and shows excusable neglect or good cause. See Fed. R. App. P. 4(a)(5).  A court may consider a timely motion for extension of time the functional equivalent of a notice of appeal provided it gives notice of the three elements required by Rule 3(c)(1). Andrade v. Attorney General, 270 F.3d 743, 752 (9th Cir. 2001), reversed on other grounds, Lockyer v. Andrade, 538 U.S. 63 (2003).  Rule 3(c)(1) states that the notice of appeal must: (1) specify the party or parties taking the appeal, (2) designate the judgment or order at issue, and (3) name the court to which the appeal is taken. Fed. R. App. P. 3(c)(1).

Petitioner's motion for an extension of time is deemed filed on March 3, 2009, within thirty

7

days of the expiration of the time to file his notice of appeal (March 9, 2009) and the request contains the elements required under Rule 3(c)(1).  Accordingly, the Court construes Petitioner's motion as the functional equivalent of a timely notice of appeal and directs the Clerk of the Court to file and docket it as such.

Petitioner did not seek a COA; however, the Court will construe his notice of appeal as a request for a COA.  See United States v. Asrar, 116 F.3d 1268, 1270 (9th Cir. 1997) ("If no express request is made for a certificate of appealability, the notice of appeal shall be deemed to constitute a request for a certificate.")

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a COA.  See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).  Section 2253(c)(1) applies to an appeal of a final order entered on a procedural question antecedent to the merits, for instance a dismissal on statute of limitations grounds.  See Slack v. McDaniel, 529 U.S. 473, 483 (2000).

"Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding."  Id. at 484-85.  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Id. at 484.  As each of these components is a "threshold inquiry," the federal court "may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments."  Id. at 485.  Supreme Court jurisprudence allows and encourages federal courts to resolve the procedural issue first, as the Court does here.

The Court has reviewed its Order Granting Respondent's Motion to Dismiss Petition as Untimely.  The October 2, 2007 petition was dismissed because it was filed almost ten years after the statute of limitations deadline on April 24, 1997.  Petitioner's arguments against dismissal -- that circumstances warrant statutory and equitable tolling, as well as delayed commencement of the

limitations period, to save the petition from being untimely -- were unavailing. As mentioned above, the Court has also found that nothing in the medical records (covering the period from 1996 through 2004) submitted by Petitioner supports his allegation that reconsideration of the dismissal is warranted. The Court has determined that equitable tolling of the statute of limitations during this eight-year period is not appropriate because Petitioner has failed to show causal connection between his alleged physical and mental disabilities and his inability to file a timely federal petition. Even if reasonable jurists could resolve the issue of whether Petitioner is eligible for equitable tolling during that eight-year period in a different manner than this Court, the petition would still be untimely by three years. Accordingly, because jurists of reason would not find debatable or wrong the Court's conclusion that the petition is untimely, the request for a COA is DENIED.

## **CONCLUSION**

For the foregoing reasons,

1.  Petitioner's motion for reconsideration (docket no. 26) is DENIED.

2.  The Court directs the Clerk to file Petitioner's motion for an extension of time to file a notice of appeal and a request for a COA (docket no. 27) as Petitioner's "Notice of Appeal" and docket it as filed on the date it was received. Petitioner's notice of appeal has been deemed to constitute his request for a COA, and the request for a COA is DENIED.

3.  The Clerk of the Court shall forward to the Ninth Circuit Court of Appeals the case file, the Court's Order Granting Respondent's Motion to Dismiss Petition as Untimely, and this Order. See Asrar, 116 F.3d at 1270.

4.  This Order terminates Docket nos. 26 and 27.

IT IS SO ORDERED.

DATED: March 31, 2010

SAUNDRA BROWN ARMSTRONG
United States District Judge

**United States District Court**
For the Northern District of California

1  UNITED STATES DISTRICT COURT
2  FOR THE
   NORTHERN DISTRICT OF CALIFORNIA
3

4  CORRAL et al,

5           Plaintiff,                    Case Number: CV07-05383 SBA

6                                         **CERTIFICATE OF SERVICE**
   v.
7

8  EVANS et al,

9           Defendant.
                                        /
10

11
   I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
12 Court, Northern District of California.

13 That on April 1, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said
14 copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said
   envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle
15 located in the Clerk's office.

16

17

18

19 Richard Anthony Corral
   Salinas Valley State Prison
20 A-5 -135
   Prisoner Id C-99479
21 P.O. Box 1050
22 Soledad,  CA 93960-1050

23 Dated: April 1, 2010
                                         Richard W. Wieking, Clerk
24                                       By: LISA R CLARK, Deputy Clerk
25

26

27

28

P:\PRO-SE\SBA\HC.07\Corral5383.denyRECON.frm         10